MAMIE PEABODY *v.* THE STATE.

VAGRANCY. *Prostitutes. Conviction. Sufficiency of evidence.*

It being shown that defendants, charged with being common prostitutes, had no other means of support, did not work, but habitually arrayed themselves in the evening and sat on the front steps or strolled on the street and solicited men, who went into the house with them, when the doors would be closed, together with evidence of other like acts, a conviction will not be disturbed. In such cases, direct proof of guilt is not required; it may be inferred from circumstances.

FROM the circuit court of Warren county.

HON. JOHN D. GILLAND, Judge.

Appellants, Mamie Peabody, Belle Johnson and Tinie Walker, were arraigned before a justice of the peace under § 1322, code 1892, on an affidavit charging them with vagrancy in being "common prostitutes, without other means of support or employment." Being convicted, they were taxed with costs, and each required to enter into bond in the sum of $250 for good behavior. On appeal to the circuit court, they were again convicted.

The evidence for the state was to the effect that the defendants resided on one of the public streets of Vicksburg; that they did no work and had no property, and were never known to have money except on occasion of paying house rent; that they were in the habit of idling their time away during the day, and of dressing up in the evening and sitting on the front steps of the house, or strolling on the street; that, with fair speech, they would solicit men, who would go into the house with them, when the doors were closed; that white men had been seen in the house with them; that they were seen on the street day and night doing nothing. There was no direct evidence of guilt. The witnesses knew of no acts of sexual intercourse; one of the defendants, on one occasion, was seen in bed with a white man. It was not known that either of the defendants had ever received money from men for immoral purposes.

The defendants introduced no evidence, but, on conclusion of the state's testimony, moved the court to instruct in their favor, on the ground that the evidence was wholly insufficient to sustain a verdict of guilty. This was refused, and the defendants excepted.

Thereupon, the court instructed for the state that if the jury believed, from all the evidence, that the defendants were common prostitutes, without other employment for their support, they should be convicted. A number of instructions were given for defendants. These were to the effect that it was incumbent on the state to prove every material allegation beyond a reasonable doubt; that no suspicions of guilt, however strong, were sufficient to convict; that a prostitute is a woman given to indiscriminate lewdness for gain, and that the jury could not convict unless the state had proved, beyond a reasonable doubt, that the defendants held themselves out and were ready to have sexual intercourse with such men as applied, and that they received pay for such intercourse, and had no other employment whatever for their services; that, though a woman

might permit one, two or three male friends to have sexual intercourse with her for their mutual pleasure, or even for a gainful consideration, this would not constitute her a common prostitute, but that the state, in order to convict, must show, beyond a reasonable doubt, that she did have indiscriminate sexual intercourse with men generally, received pay for the same and had no other means of support; that the law requires the same degree of strictness of proof in this case as in a charge of murder.

Defendants being convicted, a motion for a new trial was overruled, and this appeal was prosecuted.

*Marshall & Vollor*, for appellants.

The verdict, being clearly against the evidence, should be set aside. *James* v. *State*, 45 Miss., 572; 69 *Ib.*, 811; *Monroe* v. *State*, 71 *Ib.*, 196.

A common prostitute is a woman given to indiscriminate lewdness for gain. 19 Am. & Eng. Enc. L., 291; 16 Texas, 593. In this state there must be the additional element that the prostitute has no other employment as a means of support.

Lewdness with one man does not constitute the crime. 19 Am. & Eng. Enc. L., 292. It is only when a woman seeks to derive a revenue from her unchastity, or to make a living thereby, that the law denounces her act as a crime.

Here there is no evidence whatever of indiscriminate lewdness. Only one of the defendants was ever seen in bed with a man, and she only once. Against the presumption of innocence, it cannot be assumed that men went to the house of defendants for an unlawful purpose.

Again, there was not a scintilla of proof that money was ever given any of these women for lewdness. It was not attempted to be shown that there was any element of gain.

If the proof be sufficient as to one of the defendants, it does not follow that all should be convicted. But the evidence is insufficient as to all.

*Frank Johnston*, attorney-general, for the state.

The evidence supports the conviction. In cases of this char-acter, it is not necessary to prove the direct fact. This may be inferred as a necessary conclusion. Bish. on St. Crimes, § 652.

The general reputation of appellants as common prostitutes was clearly shown, and certain improper acts, such as soliciting men, were proved. This was competent, and the evidence is sufficient. 2 Bish. Cr. Pro., §§ 112, 115, 116.

Whitfield, J., delivered the opinion of the court.

The demurrer to the affidavit does not appear in the record, and this assignment cannot, hence, be noticed.

We find no error in the instructions.

We cannot say the verdict is manifestly wrong. The nature of the offense charged is such that it is rarely established by the same fullness and directness of proof by which more open violations of law are made out.

The character of these appellants was graven with "the point of a diamond on the rock forever," some centuries since, by an unerring artist, as will at once be seen by the marvelous correspondence between that character, as thus sketched, and as reflected in this record. In the record we are told that they did nothing, went out on the streets night and day, attired themselves in the evenings; sat upon the steps of the house, and called, in honeyed phrases, men passing through the street near their house, and they went after them into the house, and the shutters were drawn and the doors closed. In Proverbs, chap. 7, verses 6–23, we are told, *inter alia*, of "the flattery of the tongue of the strange woman," and then admonished: "I discerned among the youths, a young man, void of understanding, passing through the street near her corner; and he went the way to her house, in the twilight, in the evening; . . and there met him a woman in the attire of an harlot, and subtle of heart; she is loud and stubborn, her feet abide not in her house;

now is she without, now in the streets, and lieth in wait at every corner. . . With her much fair speech she caused him to yield, with the flattery of her lips she forced him. He goeth after her straightway . . as a fool to the correction of the stocks.'' This portrait is accurate; its colors have lost none of their vividness in the lapse of centuries; and, upon the authority of this great text, reflected in all the text-books and decisions, the judgment is

*Affirmed.*