STATE OF IOWA, Appellee, v. KATE FLYNN, Appellant.

**PROSTITUTION, HOUSE OF:** Corpus Delicti—Evidence to Estab-
1 lish. A charge of keeping a house of prostitution must, as a rule,
be established by showing (a) the bad reputation of the house, (b)
the purpose actuating those who resorted to the house, (c) the
character of the persons occupying the house, and (d) the indecent
familiarities and conversations occurring between the occupants
thereof. It is not necessary that the State show that acts of illicit
carnal intercourse actually took place in the house.

**PROSTITUTION, HOUSE OF:** Evidence—Reputation of Inmates—
2 Specific Acts of Misconduct—Harmless Error. Whether, in a
prosecution for keeping a house of prostitution, the reputation of
the inmates may be established by evidence of *particular acts,
quaere;* but when inmates were shown without dispute to be pros-
titutes, *held* harmless error to permit a witness to testify that he
had arrested such inmates for ''disorderly conduct.''

*Appeal from Webster District Court.*—R. M. WRIGHT, Judge.

THURSDAY, DECEMBER 16, 1915.

REHEARING DENIED FRIDAY, APRIL 7, 1916.

THE defendant appeals from a conviction upon charge of
keeping a house of ill fame. The material facts are stated in
the opinion.—*Affirmed.*

*Ernest S. Cary* and *Oliver Gordon,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,*
Assistant Attorney General, for the State.

WEAVER, J.—I. The argument on part of appellant is
first directed to the question whether there is any substantial
evidence of the truth of the charge made in the indictment.

1. PROSTITUTION, HOUSE OF: *corpus delicti:* evidence to establish.

That it was a house of bad reputation in this
respect among the people in its vicinity is
abundantly shown by the testimony of many
witnesses; and in so far as this testimony was

disputed, the question so raised was for the jury. That it was resorted to for the purpose of prostitution and lewdness is also shown by the testimony of witnesses whose credibility was also for the jury. It may be true that no witness testifies to acts of illicit carnal intercourse there, but such evidence is not indispensable to sustain a conviction. *State v. Toombs*, 79 Iowa 741; *State v. Porter*, 130 Iowa 690; *Peabody v. State*, 72 Miss. 104; *Graeter v. State* (Ind.), 4 N. E. 461-464. Ordinarily, witnesses cannot be found who will publish their own shame by giving evidence of their participation in such acts; while the very nature of such association implies so much of darkness and secrecy that the enforcement of the law cannot often be accomplished except by the production of convincing circumstantial evidence. This is usually done by showing the immoral character of the persons who live at or resort to the place, the more or less open and indecent familiarities indulged in there between the sexes, the libidinous tone of conversation, and the numerous other manifestations of the want of decent restraint which to common observation quite unmistakeably mark the home or place of sexual vice. It is unnecessary that we mar the pages of our reports by setting out in detail the various acts, habits and customs of the inhabitants and frequenters of the appellant's building, as depicted by the State's evidence. It is enough to say that the testimony is such that, if believed by the jury, no other conclusion than that the house was resorted to for the purposes of prostitution and lewdness could have been reached.

II.   Error is assigned and argued upon the admission of testimony given by a policeman that certain girls shown to be visitors or occupants of the house kept by appellant had, on several occasions, been arrested by the witness for disorderly conduct. The circumstances under which the evidence was offered were substantially as follows:· On his direct examination, the witness had stated that he

2. PROSTITUTION, HOUSE OF: evidence: reputation of inmates: specific acts of misconduct: harmless error.

knew the girls mentioned and that they were public prosti-
tutes. Upon redirect examination, apparently responding to
or prompted by something occurring on the cross-examination,
the witness was asked whether he had arrested the girls for
disorderly conduct, and was allowed to answer in the affirma-
tive, and upon this ruling, a new trial is demanded.

The writer is of the opinion that the evidence was admis-
sible, but the court, without committing itself to that view, is
inclined to hold that, conceding the rule to be as counsel con-
tend for, and that the evidence was not legally admissible,
its admission was not prejudicial error. The appellant alone
was on trial, and the question or answer could at most have
only an indirect bearing upon her guilt or innocence. The
witness was being interrogated, as we have already said, con-
cerning the character of certain girls who had been named as
frequenters of defendant's place, and he, as well as others,
had testified unqualifiedly that they were prostitutes. No
witness testified that they were not prostitutes or that they
were girls of good reputation or character, and the officer's
further statement that he had arrested them at different times
could add nothing to the damaging effect of the admissible
testimony that he had already given.

Other errors are assigned, but the two questions which we
have considered are the only ones argued. The case as a
whole so clearly justifies the defendant's conviction that a
new trial should not be granted merely because of a ruling
upon evidence from which it is reasonably certain that no
prejudice to defendant could have resulted. The defendant
had a fair trial without substantial error, and we cannot
properly interfere with the verdict.

The judgment below is—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.