STATE OF IOWA, Appellee, v. ARLETTA OWEN, Appellant.

APRIL 3, 1928.

*R. Kent Martin,* for appellant.

*John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

KINDIG, J.—This prosecution is based upon Section 13175 of the 1924 Code, which reads:

"If any person keeps a house of ill fame, resorted to for the purpose of prostitution or lewdness, such person shall be imprisoned in the penitentiary not more than five years."

It is claimed by the State that the defendant-appellant violated this statute at 211 Maple Street, Atlantic, during the months of June, July, and August, 1926.

I. Appellant first complains that evidence was wrongfully introduced because testimony relating to the general reputation of the house was not limited to the time during which she kept and occupied it.

Basis for the presentation of this proof is Section 13176 of the same Code, to the following effect:

"The State, upon the trial of any person indicted for keeping a house of ill fame, may, for the purpose of establishing the character of the house kept by defendant, introduce evidence of the general reputation of such house as so kept."

Regarding such "general reputation" of this place, state-ments were made by the witnesses P. R. Smith, Guy Taylor, Frank Beekman, Fred Gunter, Mrs. Fred Gunter, and P. P. Edwards. A careful review of every expression and declaration made by each of the above-named persons compels the conclusion that the testifiers all referred to the premises in question at the time inhabited by the appellant. While the interrogatories were not artistically formulated, yet the meanings, though sometimes obscure, were always within the scope of the legislative enact-ment. These assertions in answer to inquiries, standing alone, at times may be indefinite; but, when considered with previous, as well as succeeding, information given by the same "witness," the thought was so connected in each instance as to dispel any doubt concerning the exact idea expressed.

We are constrained to say this assignment of error is with-out merit..

II. Reversal is demanded because it is claimed that con-viction cannot be predicated upon the "reputation of the house" alone, without the showing of overt acts of prostitution and lewdness, or the character of the persons visiting therein.

Directing attention first to appellant's argument concerning the State's failure to prove the licentious disposition of those frequenting her abode, we find that such bur-den need not be borne by the State if there is other "proof" sufficient to warrant a conviction. That was decided in *State v. Gill*, 150 Iowa 210. In the *Gill* case we said:

"Complaint is made of the refusal by the court to instruct the jury that, 'in order to find the defendants guilty, * * * you must find from the evidence that the men or persons frequent-ing said defendant's house were of ill repute, and were of licentious inclinations.' Such a finding was not essential. * * * Regrettable though it be, persons of good repute are some-times found at such places; but this extenuates in no manner the crime of their maintenance. The instruction was rightly refused."

On the other hand, however, the State, in making out its case, can, if it elects, show the evil dispositions and tendencies

of such visitors. *State v. Flynn,* 175 Iowa 604; *State v. Gill,* supra.

III. There are ample facts in the record to prove prostitution and lewdness. That can be done by circumstantial, as distinguished from direct, "evidence." *State v. Gill,* supra; *State v. Steen,* 125 Iowa 307; *State v. Flynn,* supra; *State v. Clough,* 181 Iowa 783. Aptly, we said in the Flynn case:

"It may be true that no witness testifies to acts of illicit carnal intercourse there, but such evidence is not indispensable to sustain a conviction. * * * Ordinarily, witnesses cannot be found who will publish their own shame by giving evidence of their participation in such acts, while the very nature of such association implies so much of darkness and secrecy that the enforcement of the law cannot often be accomplished, except by the production of convincing circumstantial evidence."

Consideration of the material facts convinces us that the crime was proven. No good can result from a detailed statement of appellant's unsavory conduct.

Manifestly, all of those circumstances, together with the "general reputation of the house," were sufficient to warrant the action of the jury in returning the verdict of guilty, and we are not justified in interfering therewith.

The judgment of the district court is affirmed.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, DE GRAFF, ALBERT, MORLING, and WAGNER, JJ., concur.