LINCOLN *v.* EQUITABLE LIFE ASSUR. SOC. ET AL.

[87 South. 6. No. 21563.]

INSURANCE. *Insured may assign policy to third person with insurer's consent, and such assignment amounts to delivery.*

Where insurance contract prohibits change or modification without written assent of company officers, the insured may validly assign his policy to a third person, with the consent of the insurance company; and such assignment amounts to a delivery.

APPEAL from chancery court of Lauderdale county.
HON. G. C. TANN, Chancellor.

Suit by Mrs. S. K. Lincoln, executrix of the estate of John Kerr, deceased, against the Equitable Life Assurance Society and another. From an adverse decree, plaintiff appeals. Affirmed.

*Wallace Walker* and *F. V. Brahan,* for appellant.

The insurance company had the right to prohibit the assignment, or negotiability of the policy, and inserted therein as a part of the policy the following clauses: "No person except one of the following executive officers of the society at its home office in New York; viz: the presi-

dent, one of the vice-presidents, the secretary, the assistant secretary, one of the actuaries, the comptroller, the treasurer, the auditor or the registrar, is authorized to make, alter or discharge contracts or waive forfeiture; and attention is particularly called to paragraph 5 of the "provisions and requirements."

"5. The contract between the parties hereto is completely set forth in this policy, and the application therefor, taken together, and none of its terms can be varied or modified, nor any forfeiture under it waived, except by an agreement in writing, signed by one of the following officers, viz: The president, one of the vice-presidents, the secretary, one of the actuaries, the comptroller, the treasurer, the auditor or the registrar of the society, whose authority for this purpose will not be delegated; no other person has or will be given authority."

The court will observe that no such authority or assent as above provided in the policy, was ever made in writing, on the assignment or policy, and signed by one of the officers of the company named; and the court will further observe, that there was never any delivery of the policy by John Kerr to the Elks Lodge, and it never had it in its possession, as it appears on the face of the alleged assignment, that the policy was at that moment, in the possession of the insurance company, being held as collateral for said loan. Again, the Elks Lodge never paid any consideration for the policy only a nominal consideration being mentioned, and, for these reasons, we respectfully submit to the court that the pretended assignment was null and void.

The latest and best authority we have been able to find on the subject of "assignments" from pages 830 to 1022, is in volume 5 "corpus juris," and we invite the court's careful attention to pages 874 et seq., 902, 905, 907, 908, and notes, and also pages 932, 952 et seq. See, also, 60 Miss. page 745, *Isaac J. Hart* v. *Forbes & Beck.* See, also, *Insurance Co.* v. *Smith McKinnon & Son,* 117 Miss. 327.

In the case of the *Inter-Southern Life Insurance Co. et al.* v. *Humphrey,* 84 So. page 625, which is the latest expression on "assignment" by this court. Judge HOLDEN said: "We think undoubtedly the assignment here was as collateral security. The assignee took no rights under the assignment other than to collect the renewal commissions and hold the same as collateral to secure the payment of the note. The assignment expressly provides the manner of disposition of the collateral and the application of the proceeds to the payment of the note. The assignee did not become the real and unconditional owner, both legal and equitable, of the commissions due under the agency contract. Forrester & Loggins had not disposed of their entire interest in the commissions by the assignment, but merely pledged the commissions as collateral security for the payment of the note, they retaining the legal ownership. When a sufficient amount of the commissions would have accrued and been applied to the payment of the note in full then Forrester & Loggins, who were the legal owners at all times, would again resume drawing the balance of the commissions forthcoming for a number of years, etc," and further on in the opinion he says: "Prohibition in a contract against assignment is legal and valid. The right to make a personal contract or to agree for the performance of a contract by a certain party to the exclusion of all others is obviously legitimate. Such contracts are often made with a view of retaining the personal interest and action of the payee, which purposes might be defeated should the contract, or the fruits of it, be unconditionally assigned to some stranger, but when the assignment of the proceeds of an unassignable contract is made merely as collateral security for the payment of a debt, and the real ownership still remains in the assignor, he still retains the personal interest and obligation of performance as the real owner, and the reason urged against the validity of such assignment disappears, and the rights of the debtor are not

prejudiced by the collateral assignment which inures to the benefit of the assignor, etc." So the instant assignment might be good as collateral security, but not for an unconditional assignment.

Further on the point of delivery, this court has held repeatedly, and lastly in *Lynch* v. *Lynch*, 84 So. page 807, that delivery of a deed is necessary to pass title, and failure to recite delivery in deed acknowledgment is invalid. See 63 Miss., page 94. As a further circumstance in proof to show that the insurance company never assented to, or recognized the pretended assignment, we introduced notices from the insurance company of premiums due addressed to John Kerr, dated June 7, 1918, and June 7, 1919 (the last one was received just before his death which occurred in August, 1919) and it was by means of these notices only, which come to the hands of Mrs. Lincoln, executrix, after Colonel Kerr's death, that she knew of the existence of the policy.

*R. F. Cochran,* for appellee.

Counsel for appellant stress and emphasize certain paragraphs in the policy which are quoted in their brief as prohibiting the assignment, and contend that the assignment does not comply with these paragraphs and is therefore null and void. We cannot appreciate the relevancy nor potency of the paragraphs relied on and quoted from the policy as having any bearing whatever on the question at issue. To our minds, these paragraphs relate to the formation of the policy and are intended as a protection to the insurance company against any modification of the terms of the contract by its inferior officers and agents. They were inserted in the policy for the sole purpose of preventing any extension or enlargement of the obligations of the policy at the time the contract was consummated. The assignment is not and could not be a modification of any of the terms of the policy within the meaning of

said paragraphs for the manifest reason that provision was made for the assignment when the policy was agreed upon.

We are not insisting upon the modification of the terms of the policy—on the contrary, we are insisting upon the enforcement of the policy, according to its provisions at the time it was written. We also think that the authorities quoted by counsel are inapplicable and cannot assist the court in a proper determination of the issue involved in the controversy.

In the case of *Intersouthern Life Insurance Co. et al.* v. *Humphreys,* 84 So. 625, the contract embodied this provision: "no assignment of commissions accruing hereunder shall be valid unless authorized in writing by the company in advance." The insurance contract contains no inhibition against assignments. On the contrary, it made provision for assignment and the court will see at once that the foregoing authority has no sort of application, and the same is true in regard to the other authorities cited by counsel.

It is contended that no delivery of the assignment was made, and for that reason, the assignment was void, and counsel cite as sustaining their contention, 5 Corpus Juris., page 902. The above authority holds just to the contrary, and on page 903 (note 81) the case of *Grand Gulf Bank* v. *Wood,* 20 Miss. 482, is cited, which holds that a written assignment is equal to a delivery.

We cannot from any viewpoint see that there is any equity in appellant's contention. If, however, we are mistaken for the reason stated we still feel that the decision of the court below was correct, and that appellant's bill ought to be dismissed.

HOLDEN, J., delivered the opinion of the court.

This is a suit in chancery by the executrix of the estate of John Kerr, deceased, against the Equitable Life Assur-

ance Society and Meridian Lodge of Elks to recover a balance due on a policy insuring the life of the deceased, Kerr. There was a decree awarding the balance of the proceeds of the policy to the appellee Lodge of Elks, from which decree this appeal is prosecuted.

The policy issued on the life of Mr. Kerr, deceased, and payable to his estate or his assigns, was for five thousand dollars, but at the time of his death he had borrowed from the insurance company about three thousand five hundred dollars on the policy and delivered it to the company, so at the time of his death there was a balance due of about one thousand five hundred dollars. In 1910 Mr. Kerr assigned the policy to the appellee, Meridian Lodge No. 515 B. P. O. Elks, and this assignment was delivered to the insurance company, which accepted it and thereafter treated the Elks Lodge as the owner and designated beneficiary therein. The Elks Lodge for the past ten years continued to pay the premiums due on the policy, which at the time of the death of the insured amounted to about sixteen hundred dollars, or about one hundred dollars more than the balance due on the policy.

The appellant, complainant below, claimed in her bill that the balance due on the policy should go to the estate of the deceased and not to the Elks Lodge, for the reason that the assignment by the insured, Mr. Kerr, was not authorized or assented to in writing by the insurance company and was therefore void; and that there was no delivery of the policy by the insured to the assignee, the Elks Lodge. And it is contended here that the assignment was void for these reasons under the terms of the policy. The particular clause relied upon is as follows:

"No person except one of the following executive officers of the Society at its home office in New York, viz., the president, one of the vice presidents, the secretary, the assistant secretary, one of the actuaries, the comptroller, the treasurer, the auditor or the registrar, is authorized to make, alter or discharge contracts or waive forfeiture;

and attention is particularly called to paragraph 5 of the 'Provisions and Requirements.'

(5) The contract between the parties hereto is completely set forth in this policy, and the application therefor, taken together, and none of its terms can be varied or modified, nor any forfeiture under it waived, except by an agreement in writing, signed by one of the following officers, viz., the president, one of the vice presidents, the secretary, one of the actuaries, the comptroller, the treasurer, the auditor or the registrar of the society, whose authority for this purpose will not be delegated; no other person has or will be given authority."

The argument of the appellant is that these clauses in the insurance contract prohibited an assignment without the assent in writing of the insurance company. We are led to infer that counsel means to contend that the assignment by the beneficiary is a modification of the contract and is void unless assented to in writing by one of the proper officers named.

We cannot agree with appellant in this interpretation and application of the provision of the policy in so far as it concerns the rights of the appellant. If the assignment of the policy by the insured is a modification of the contract within the meaning of the clause in question, then the other party to the contract, the insurance company, is the only one who can complain. But the insurance company does not, and cannot, complain, because the written assignment by the insured was accepted and assented to by the insurance company. It is obvious there was a valid consideration supporting the assignment. It therefore follows that the assignment to the Elks Lodge was valid and the balance of the proceeds of the policy was correctly awarded to it by the chancellor.

The point made by appellant that the assignment is void because there was no delivery of the policy deserves but scant consideration, for the reason it is elementary that an assignment in such cases is equal to a delivery. 5

C. J. 903; *Grand Gulf Bank* v. *Wood,* 12 Smedes & M. (20 Miss.) 482. The insured could not deliver the policy to the assignee because it was in the possession of the insurance company on account of the loan of $3,500 made on it to the insured. But the assignment was valid and effective in transferring the interest of the insured in the policy to the assignee, Elks Lodge.

The judgment of the lower court is affirmed.

*Affirmed.*