## MCDONALD *v.* STATE.

[90 South. 97. No. 22094.]

VAGRANCY. *Evidence held insufficient to sustain a conviction.*

Under an indictment charging a defendant with being a vagrant, in that she is a common prostitute, where the testimony shows that she is a married woman and lives at a reputable hotel, and that her husband supports her and visits her when his work permits; that she also is a licensed taxicab operator, and hires a chauffeur to operate her automobile; that she frequently rides·in this car with different men and visits different places within the county, and different towns in adjoining counties; that she rides in the car with men, both in the daytime and at night; that she frequently does not return to the hotel at night until 11 or 12 o'clock; that she often rides out in the woods with.men, and the chauffeur leaves the car and does not return until the horn is blown for him—this evidence is *held* to be insufficient to sustain a conviction.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Hazel McDonald was indicted, tried, and convicted of unlawfully becoming a vagrant, in that she is a common prostitute, and she appeals. Reversed and remanded.

*D. W. Draughn,* for appellant.

The appellant in this cause was convicted of being a vagrant in that she was a common prostitute. The evidence in the case fails to show that the appellant at any time sold her body for immoral purposes. It does not show a line of circumstances that would convince a reasonable mind that she was guilty of any wrong.

The records show that she operated a car for hire. That she had a regular stand on one of the most prominent streets in the city—that she was there, day and night, she and her husband had purchased this car for this service— That she made her home in the Shelby Hotel, one of the best hotels in the city, that she had been there for more than two years, no complaint had ever been heard.

In my judgment there is no evidence to warrant a conviction. As I see it, some think that this woman was making too fast advancement in woman's sphere. I just desire to submit this case on the record.

*H. Cassidy Holden,* assistant attorney-general, for the state.

The appellant argues but one assignment of error, viz.; that the evidence is not sufficient to support the verdict. But the court is referred to *Peabody* v. *State,* 72 Miss. 104, 17 So. 213, wherein it was held that under the Code of 1892, section 1322, making keepers of houses of prostitution and common prostitutes punishable as vagrants where it was shown that defendants, charged with being common prostitutes, had no other means of support, did not work, but habitually arrayed themselves in the evenings and sat

on front steps, or strolled on the street and solicited men, who went into the house with them, together with evidence of other like acts, a conviction will not be disturbed. In such case direct proof of guilt is not required; it may be inferred from circumstances.

It is submitted that this record contains a showing of circumstances which almost amount to direct proof of guilt, at least a sufficient showing to bring the case within *Peabody* v. *State*.

There were no reversible errors committed by the trial court, and this court will not disturb the verdict of a jury where there is evidence, if believed, that would justify it. *Jackson* v. *State*, 105 Miss. 782, 63 So. 269.

Sykes, P. J., delivered the opinion of the court.

Hazel McDonald was indicted, tried, and convicted in the circuit court of Forrest county of unlawfully becoming a vagrant, in that she is a common prostitute.

The testimony for the state was to the effect that the defendant was in the taxicab business, and owned and operated one automobile for hire. One of the witnesses testified for the state that he had never known her to do anything wrong; that he had seen her go off with men in cars, both during the day and night; that this was a frequent occurrence; that she always had a chauffeur in the car; that she sometimes rode on the front seat, and sometimes on the back seat.

The testimony shows that the defendant lived in one of the prominent hotels in Hattiesburg. The manager of that hotel testified that sometimes the defendant would come to the hotel before six-thirty in the afternoon, and that sometimes she did not come there until eleven or twelve o'clock at night; that it was a frequent occurrence for her to come in at all hours of the night.

Another witness testified that he had been employed by her as a chauffeur for about thirty or forty days; that he drove her out frequently with men to picnics and different

places; that she would go in the woods frequently with men; sometimes she would ride on the front seat with him, and sometimes on the back seat; that, after driving into the woods, he would stop the car, and go off and leave the car, leaving the defendant and some man in the car; that he would come back to the car whenever they called him; that this was usually done by blowing the horn; that he could not say that that was a frequent occurrence, but that it occurred often; that he stayed away no special length of time, probably sometimes an hour and sometimes as much as two hours; that he frequently drove to Laurel, Gulfport, and other different places; that he never saw her do anything wrong.

After the introduction of this testimony the state rested, and a motion was made by the defendant to exclude the evidence and instruct the jury to find her not guilty. This motion was overruled.

The husband of the defendant testified that he was a railroad engineer; that he and the defendant were married in 1912; that he and his wife are living together; that because of his work he only visits his wife about once a month; that he sends her money for her support; that he helped her buy the car that she used in the taxicab business; that she was engaged in this business with his knowledge and consent.

Another witness testified that he had been engaged by the defendant as her chauffeur for about three months; that the defendant ran a regular taxicab—transfer car—business, and that they took passengers wherever they wanted to go, to any place in the city or county, or from one town to another; that when he operates the car he never leaves it; that the defendant goes with him lots of times on these trips; that she never got out, and left the car, and went off with a man, to his knowledge.

The defendant testified in her own behalf. She testified to her marriage and exhibited a marriage certificate. She testified that she had been living about two years in Hattiesburg; that she was in the taxicab business, and had a

license, both city and state. She denied that she had ever driven into the woods with men, and sent the chauffeur away, as testified to by him; that her chauffeurs never left the car when she was in it; that she quite frequently rode in the car with the passengers, in order to keep up with the business. She testified that her husband's salary had been amply sufficient to take care of her. This is all the testimony in the case. Upon this testimony the jury returned a verdict of guilty.

We are asked to reverse and remand this case, because the testimony is insufficient to sustain the verdict. The state relies for an affirmance upon the case of *Peabody* v. *State,* 72 Miss. 104, 17 So. 213. In the Peabody Case the testimony showed that the defendants had no visible means of support, did no work, but habitually arrayed themselves in the evening, and sat on the front steps, or walked on the streets, and solicited men, who went into the house with them, when the doors would be closed.

In this case the defendant was engaged in the taxicab business. She has a husband, who contributes to her support. Therefore she has visible means of support. There is no testimony, direct or circumstantial, in this record, upon which a jury could find that the defendant is a common prostitute. The most damaging testimony is that to the effect that at night she sometimes had the chauffeur drive her with some man out in the woods, and then had the chauffeur leave the car. This may have been an act of indiscretion, but we cannot infer from this record that because of this indiscretion she is a common prostitute. There must be some evidence either direct or circumstantial, to sustain the verdict, and this record fails to present such evidence.

*Reversed and remanded.*