CAMPBELL v. LOVGREN.

(Division A. March 2, 1936.)

[166 So. 365. No. 31997.]

Geo. **T.** and **Chas. S. Mitchell,** of Tupelo, for appellant.

W. B. Lucas, of Macon, Reily & Parker, of Meridian, and L. L. Martin, of Macon, for appellee.

**Cook, J.,** delivered the opinion of the court.

Appellant, Roy Chalmers Campbell, Jr., and the appellee, who is now Mrs. Esther Isabell Lovgren, were married in Mobile, Alabama, during the year 1920. They lived together as husband and wife until April, 1927, at which time they were residing in Meridian, Mississippi. They were separated in the last-named city, and appellee went to Chicago, Illinois, to live with her mother and sister, taking with her their minor son, who was then about five years old. In June, 1927, appellant visited his wife and child in the city of Chicago, and having secured peaceable possession of his child, he carried him out of the state of Illinois and brought him to his former home in Macon, Mississippi.

In November, 1928, appellee came to the state of Mississippi and instituted habeas corpus proceedings for the custody of the child, and on the hearing of the petition filed by her, the court rendered a judgment reciting that it was unnecessary to pass upon the moral character and fitness of either the father or the mother, and without adjudging either of them to be morally unfit to have the custody of the child, the court awarded its care and custody to the father, on the ground that so to do was for the best interest of the child, owing to the fact that he was then being reared in a splendid home in Macon, Mississippi, and was surrounded by a good and wholesome environment, with the advantages of proper nourishment, diet, and fresh air necessary to his health. There was no appeal from this judgment, and the child has since resided in the home of his father in Macon, Mississippi, the household being composed of his father, grandfather, and two aunts.

In March, 1929, appellant filed a bill in the chancery court of Noxubee county, Mississippi, seeking a divorce from the appellee on the ground of adultery. The appellee appeared and answered this bill, and made her answer

a cross-bill, praying for a divorce from the appellant on the ground of cruel and inhuman treatment and desertion, and also praying that the custody of the child be awarded to her. On final hearing of this cause, a decree was entered denying the prayer of the original bill, but adjudging that the charges in the cross-bill were sustained by the proof, and awarding the appellee a divorce. In passing upon the custody of the child, the court held that the judgment entered by the circuit judge in the former habeas corpus proceeding was binding on the court as res judicata as to the facts existing at the time of its rendition and that there had been ''no material change in the condition and circumstances of the parties that would justify a court decree changing the custody of the child.'' The court did, however, decree that the appellee should be permitted to visit her child at any reasonable time, send him presents, and write to him, and should be permitted to have him with her for a period not exceeding thirty days in any one year, provided she kept him within the jurisdiction of the court, and returned him to his father at the end of such period. The court retained jurisdiction of the cause for the purpose of enforcing its decree as to the custody of the child, and making such changes therein as might become necessary and proper by reason of changed conditions.

In October, 1932, appellee filed a petition praying for a modification of the former decree, alleging certain material changes in conditions since the rendition thereof, in that she had since married and had a home of her own, and a husband who was willing and amply able to give the child all the necessities of life, as well as the luxuries suitable to his age; that the child had aged from five to nine years, and had become healthy and more mature; and that with the exception of a short time in a hotel in Macon, Mississippi, she had been unable to be with her child since he was taken from her in the year 1927.

On the evidence offered at the hearing of this petition, the court found that certain physical and other material changes had occurred, in that the child had undergone two or three operations, and had grown and developed from a frail, weak, and delicate child to a healthy, normal child, slightly underweight; and further that at the time of the rendition of the former decree the appellee was dependent upon a weekly wage for her living, and had her mother dependent upon her, whereas she was then married and had no one dependent upon her, and was amply able to care for and support the child. Based upon these changed conditions, the court entered a decree directing that the appellee be permitted to have the custody of her child from on and about June 15, 1934, to August 15, 1934, upon the execution by her of a bond in the sum of five hundred dollars conditioned to return him to his father at the expiration of the period fixed and to have him before the court at any time demanded by the process of the court while he was in her custody.

From this decree there was an appeal with supersedeas, but the appeal was not perfected in time to permit a hearing thereof until after the expiration of the period within which the mother was to have the custody of the child, and, consequently, that appeal was dismissed for the reason that it presented only an academic or moot question. 171 Miss. 385, 157 So. 901.

In the meantime, after the expiration of the time fixed by the court in which the mother was to have the custody of the child during the year 1934, she filed a new proceeding to secure a modification of the original decree awarding the custody of the child to the father. The averments of this petition were substantially the same as in the petition referred to above, and upon the hearing thereof extensive evidence was offered bearing upon the issues presented; and upon this evidence the court found that when the original decree was entered the child was only five years of age, and was then frail, weak,

and sickly, and in need of medical and surgical attention which the mother was financially unable to furnish; that since that time the child had grown and developed into a state of normal health, doing the normal work in school of a boy of eleven years of age; that when the original decree was entered, the appellee was wholly dependent upon a small weekly wage for the support of herself and her mother; that she had since married a man who provided her a good home in the city of Chicago, and who was willing and financially able to furnish the child with the comforts of a good home; and that appellee then had no one dependent upon her for a living, and was in a position to devote her time to giving her son the care and attention necessary for his welfare. Upon these changed conditions, the court again decreed that the mother should be permitted to have the child visit her for one month during the summer of 1935, and from July 1st to August 15th each year thereafter, upon the condition that she execute a bond in the sum of five hundred dollars conditioned to return the child to his father not later than August 20th of each year, and to have him before the court at any time demanded during the time he was in her custody. From this decree, this appeal is prosecuted.

We are of the opinion that the evidence offered in the court below showed sufficient changes in the condition and circumstances of the child and mother to warrant the court in modifying the original decree to the extent of permitting the mother to have the child in her custody for the limited period of time and under the restrictions fixed in the decree. Section 1421, Code of 1930, provides that: "When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody, and maintenance of the children; . . . and the court may afterwards, on petition, change the decree, and make from

time to time such new decrees as the case may require.''
At the time the parties hereto were divorced, no material
change of circumstances was shown to have arisen since
a previous judgment in habeas corpus between the same
parties, awarding the custody of the child, and consequently the judgment in the habeas corpus proceedings
adjudging the custody of the child was held to be res
judicata on that issue. Campbell v. Campbell, 159 Miss.
708, 132 So. 324. But upon a proper showing of a change
of conditions and circumstances of the parties, the statutory power of the court granting a divorce to make such
new decrees based thereon as the case may require, touching the care and custody of the children of the marriage,
comes into play without qualification or restrictions except such as the court, in the exercise of a sound discretion, may impose.

That the result of the decree in the case at bar will
permit the removal of the child beyond the limits of this
state is not controlling. The power of a court having
control of the custody of children to permit their removal
beyond the limits of the state, and to require a proper
bond for their return, is very generally recognized by the
courts, and while such power should be exercised with
caution, and under proper restrictions, it should not be
made possible to destroy the controlling consideration
that the best interest of the child shall be conserved, by
denying the existence of such power. The grant of authority to remove the child beyond the limits of this state
does not remove him from the jurisdiction of the court,
which has already attached. The decree is conditional,
subject to modification or change upon proper showing,
and the appellee takes the custody of the child for a
limited period of time subject to the condition and the
decree, which, by the provisions of the Constitution of
the United States (article 4, section 1), is entitled to full
faith and credit in another state, and is binding on her.

The evidence bearing upon the climatic and health conditions in the suburbs of the city of Chicago, where the appellee is shown to reside, abundantly supports the view of the chancellor that a visit to appellee's home during the summer months would not be in any way detrimental to the health of the child. The extensive testimony offered as to the relative merits of the public school systems of Chicago, Illinois, and Macon, Mississippi, and as to the evils that might flow to the child on account of a change from the schools of Macon to the schools of Chicago, becomes wholly immaterial in view of the fact that the decree permits the mother to have the custody of the child only during a period in the summer months when the municipal schools of this state are in vacation. Upon the whole evidence, we are unable to say that the court below abused the discretion vested in it by statute, and consequently the decree will be affirmed.

Affirmed.