## Lee v. Lee.

(Division B. June 13, 1938. Suggestion of Error Overruled July 21, 1938.)

[181 So. 912. No. 33269.]

Price & McLain, of McComb, for appellant.

**L. H. McGehee** and **Roach & Jones**, all of McComb, for appellee.

**Anderson, J.,** delivered the opinion of the Court.

On May 1, 1934, the appellee was granted a divorce from appellant, his wife. The decree provided, among other things, that he pay her as alimony $60.00 a month beginning May 1, 1934; $50.00 a month beginning January 1, 1935, and $45.00 a month thereafter, subject to the right of the court thereafter to change the decree. Appellee made these alimony payments up to April, 1936. On the 15th of that month he filed a petition asking the court to reduce the monthly payments to $25.00. After filing the petition he began to reduce the payments to $25.00 and continued so to do up to the time of the hearing. Shortly after the filing of that petition, appellant filed a petition praying that appellee be cited for contempt of court because of his failure to pay the full amount of the last award of $45.00. The two proceedings were consolidated and tried together. The court dismissed the contempt proceeding and granted the prayer of appellee's petition, reducing the amount of monthly payments to $25.00.

Appellant contends that the decree is erroneous for two reasons: (1) That she had a vested right in the default instalments of $20.00 a month—the different between $45.00 and $25.00 a month, which he paid beginning with the filing of the petition for reduction—which vested right could not be taken away, and which defalcation subjected appellee to the clean hands doctrine; (2) that the evidence was insufficient to sustain the decree of the court reducing the monthly payments from $45.00 to $25.00.

We are of the opinion that Section 1421, Code of 1930, and the principles laid down in Schlom v. Schlom, 149 Miss. 111, 115 So. 197, and Campbell v. Lovgren, 175 Miss. 4, 166 So. 365, are a complete answer to the first

contention of appellant. In considering this question it should be borne in mind that the reduction complained of did not begin until after the filing of the petition for modification. That was true in the Schlom Case. In that case the court upheld the reduction made by the husband and father without first having such reduction approved by the court. In discussing the question the court said that the clean hands doctrine had no application—would not prevent the relief prayed for; that the husband and father had the right to make the reduction subject to the approval of the court. Section 1421 provides, among other things, for the allowance of alimony to the wife, and that the court may afterwards, on petition of the husband, change the decree and from time to time make such new decree as the case may require. Under this section no alimony decree is ever a final judgment, it is always open to change.

The second contention is also without merit. The chancellor's decision on the facts will not be set aside unless it is against the overwhelming weight of the evidence. That is not true in this case; there was ample evidence to sustain his finding.

Affirmed.