CHRISTIAN *et al. v.* MERCHANTS NAT. BANK & TRUST CO.

(Division A. April 22, 1940.)

[195 So. 485. No. 33908.]

Leonard **E. Nelson**, of Vicksburg, for appellant, Lane Wailes, Trustee in Bankruptcy.

**Brunini & Brunini**, of Vicksburg, for appellant, Bessie N. Christian.

**Dent, Robinson & Ward,** of Vicksburg, for appellee.

Argued orally by **Leonard E. Nelson**, and **E. L. Brunini**, for appellants, and by **Emmett Ward**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The Christian & Brough Company was a corporation dealing in automobiles, in the City of Vicksburg, and will be henceforth referred to as the corporation. John Christian was the president of the corporation. Three policies of insurance, aggregating in face value the sum of $30,000, on the life of John Christian, were owned by the corporation; they were payable directly to the corporation as sole beneficiary. Prior to the transactions hereinafter to be discussed, these three policies had been formally and validly assigned with delivery to appellee bank as its interest might appear; and we think there was sufficient competent testimony to show that this assignment was understood and intended to be as collateral security for any and all debts which the corporation then owed or might thereafter owe to the bank.

And for sometime before the date next hereinafter mentioned, John Christian held two policies, of insurance on his life with his wife, Bessie N. Christian as the sole beneficiary therein, these two policies being in the sum of $1000 each. The insured had the privilege to change the beneficiary without the consent of the latter, and the policies were, therefore, assignable by the insured. Bank v. Hodges, 132 Miss. 238, 96 So. 97. Mr. Christian had deposited these two policies with appellee bank, but without any formal assignment thereof, as collateral security for a particular loan of approximately

$1900, for the accommodation of the corporation, the proceeds going entirely to the credit of the latter.

On April 2, 1936, the loan last aforesaid was consolidated with other loans then outstanding and owed by the corporation to the bank, and other than those secured by real estate; and the consolidated amount in the sum of $9,324.21 was embraced in one note for that sum, secured by the three policies owned by the corporation and also by the two in which Mrs. Christian was the beneficiary. This note was several times renewed in the same amount, secured in the same manner, until the last renewal which was dated August 30, 1937. The original of the note last aforesaid, and each renewal thereof, was signed not only by the corporation which actually owed the debt, but was signed also by John Christian who, in reality, was an accommodation maker, as the bank fully knew and understood.

Before the due date of the last renewal note John Christian died, and the bank collected on the three policies, payable directly to the corporation, a sum in excess of $20,000, out of which the bank applied only $5,024.21 to the note of $9,324.21, and took the balance for application to other debts due by the corporation to the bank and for which the bank held the three policies as collateral in respect to other transactions had previously to the note of August 30, 1937. The bank now insists that it has the right to collect the proceeds of the two policies of $1000 wherein Mrs. Christian is the beneficiary and to apply the proceeds to the balance on the August 30, 1937 note; while Mrs. Christian submits that inasmuch as her two policies were deposited by way of accommodation as against a definite and specific debt and note of the corporation, the bank must first apply the proceeds of the three other policies, which were the property of the debtor corporation itself, to the satisfaction, so far as she is concerned, of the particular note, and that having failed to do so her policies have been released from the obligation.

Upon the facts, we think that Mrs. Christian has the better of the argument. When her two policies were put up as accommodation collateral to the note of $9,324.21, that security applied to that note and to that note alone, and, at the same time and as a part of the same note transaction there was embraced as collateral thereto, the three policies owned by the debtor corporation, and payable directly to it. If, then, the proceeds of the three policies last mentioned are not applied first to the payment of the $9,324.21 note, thereby retiring it, so far as Mrs. Christian is concerned, but instead are taken apart from that note and applied to other obligations of the corporation, Mrs. Christian's policies would, in practical effect, be made to stand as security as much for said other debts as for the particular note, and this was not the undertaking or understanding as all parties hereto admit.

The principle involved is illustrated by such cases as Solomon v. First Nat. Bank, 72 Miss. 854, 17 So. 383. In that case Fewell owed the bank two notes, on one of which Solomon was an endorser for the accommodation of the principal debtor. Fewell gave the bank a deed of trust to secure both notes. The court held that the note on which Solomon was the endorser was entitled to priority payment out of the mortgaged property as against the other note. Here Mrs. Christian's policies were accommodation security for the $9,324.21 note, and that note alone. The three policies for $30,000 were security for that note and for other notes. The proceeds of those three policies, which policies were the property of the debtor, must be so applied as first to exonerate the surety—this is the principle embodied in the Solomon case, and no further authority on the subject is necessary.

As to the claim of the trustee in bankruptcy which has been persuasively presented, we are satisfied with the decision of the chancellor and on that feature of the case the decree will be affirmed; but as to the proceeds of the two policies in which Mrs. Christian is the beneficiary,

the decree is reversed and a decree will be entered here directing that the proceeds of those policies shall be paid over to the said beneficiary.

Affirmed in part, and in part reversed, and decree here.