## EAST v. COLLINS.

(In Banc. March 1, 1943.)

[12 So. (2d) 133. No. 35201.]

SMITH, C. J., dissenting in part, and MCGEHEE, J., dissenting.

Lotterhos, Travis & Dunn, of Jackson, for appellant.

Stevens, Ricketts & Wise, of Jackson, for appellee.

**Alexander, J.**, delivered the opinion of the court.

On November 20, 1934, the chancery court of Hinds County, Mississippi, rendered a decree (1) granting unto Mrs. Winifred Causey Collins a divorce from her husband Roy P. Collins, (2) awarding Mrs. Collins the care and custody of their minor adopted daughter Margaret, (3) ordering Mr. Collins to pay Mrs. Collins $140 per month, of which $65 was for her support and $35 for the support of Margaret, and $40 to meet the maturing monthly mortgage installments and the taxes and insurance on the home, which had already been conveyed to Mrs. Collins, ''and to continue until further order of the court,'' and (4) further ordered Collins to assign to Mrs. Collins an insurance policy on his life, payable to his estate, in the sum of four thousand dollars, and to make Margaret the beneficiary in another life policy for the same sum, and to keep the premiums paid on both policies, and restrained Collins from changing, or attempting to change, the beneficiaries in said policies, ''until and unless otherwise ordered by this court.''

On November 22, 1934, Collins, in writing, assigned to Mrs. Collins ''all my right, title and interest . . .'' in the insurance policy; the insurance company agreed to such assignment, and on December 8, 1934, mailed the

policy to Mrs. Collins, after making due note on its records and on the policy of such assignment.

Collins also duly complied with the other requirements of the decree until in the year 1941, when he defaulted on the monthly payments and permitted the assigned policy to lapse for failure to pay the premiums thereon, because, as he said, of ill health and adversity.

In September, 1941, he was cited to show why he was not in contempt of court. The cause was continued, and on January 27, 1942, after he had made a payment on the default, there was an agreed decree giving him a stipulated time within which to pay the default and to reinstate the policy. He complied with the terms of that decree.

Thereupon and on March 5, 1942, Mr. Collins filed a petition in the same cause alleging that Margaret, on September 15, 1941, had left the home of Mrs. Collins, who was then residing in Louisiana, and had returned to Mr. Collins in Jackson, Mississippi, where she had been living and by whom she had been supported since her return, and that she would make her permanent home with him, and that on September 26, 1941, Mrs. Collins had married Dr. East and that they resided at Slaughter, Louisiana, and asking that he be relieved of the duty to pay Mrs. East any alimony, including the mortgage installments and insurance premiums, after her marriage to Dr. East, and that she be required to reassign to him the insurance policy on his life.

Mrs. East, in her answer to the petition, admitted her remarriage and the return of Margaret to Mr. Collins, as alleged in the petition, and that Mr. Collins was under no further duty to support her, but asserted (1) that when the policy was assigned to her there was a loan against it of $660, of which she had no knowledge, and that Mr. Collins should be required to pay that debt; (2) that she was the absolute owner of the insurance policy; (3) that the chancery court had no power to require her to reassign it, but that if mistaken in that, then (4) she was

entitled to the paid up value of the insurance policy, which was $752, and (5) that while she remarried September 26, 1941, the petition of Mr. Collins to be relieved of alimony was not filed until March 5, 1942, and she was entitled to the accrued monthly alimony payments, as provided in the original decree, until the date of the filing of the petition, and, by cross-bill, she prayed for this special relief and for general relief.

Mr. Collins, by answer to the cross-bill, took issue on these contentions.

The chancellor, in his decree, modified, revised and amended the original decree for alimony by (a) relieving Collins of the duty of making any payments of alimony after the re-marriage of his former wife, including the mortgage installments and the insurance premiums for the benefit of Mrs. East, (b) ordered him to pay Mrs. East $350 and (c) ordered Mrs. East to thereupon re-assign the insurance policy to Mr. Collins.

From this decree Mrs. East has taken a direct and Collins a cross-appeal.

We first deal with the knowledge, or lack of knowledge, of Mrs. Collins of the debt against the policy when it was assigned to her. The record contains no opinion of the chancellor and the decree makes no mention of this question, but the chancellor evidently found that Mrs. Collins knew of the existence of that loan. The great weight of the testimony is that she did have knowledge thereof and we approve the finding on that question.

Appellant lays claim to the absolute ownership of the policy, with the right to have it continued on the life of Mr. Collins until his death, citing Couch on Insurance, Vol. 6, p. 5188-90; 29 Am. Jur., Insurance, p. 401, sec. 503, and other authorities, to the effect that "where a husband makes an absolute assignment of a policy to his wife for value received, and she predeceases him, her title passes as a part of her estate." We do not think this rule is applicable here. Aside from whether it would be against public policy for Mrs. East to continue this policy on the

life of her former husband, which we do not decide, this was not a voluntary assignment for value of this policy by Mr. Collins. It was not a contract or agreement between them. Mr. Collins assigned the policy under compulsion of a decree of the chancery court and there was no consideration in the ordinary and usual meaning of that term. This assignment was a part of the decree for alimony. It was conditional and interdependent upon the other provisions of the decree—for instance, the payment of the premiums thereon by Mr. Collins. It was not the absolute property of Mrs. East throughout the future, regardless how the conditions might change. Mr. Collins has, and in the future others may have, a very vital interest in the policy.

This question is intertwined with the power, or lack of power, and jurisdiction of the chancery court to deal with this policy. Not only did the original decree expressly retain jurisdiction of the terms of the alimony, depending upon future changing conditions, but Section 1421, Code of 1930, provides:

"When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody, and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife, or any allowance to be made to her, and may, if need be, require sureties for the payment of the sum so allowed; and the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require."

In Lee v. Lee, 182 Miss. 684, 181 So. 912, this court said "Section 1421 provides, among other things, for the allowance of alimony to the wife; and that the court may afterwards, on petition of the husband, change the decree and from time to time make such new decree as the case may require. Under this section no alimony decree is ever a

final judgment, it is always open to change.'' Of course, the court did not mean there could not be a final judgment upon the termination of all relations of the parties which might be the basis of alimony, such as death or remarriage. The policy and the future title to and rights thereunder were matters under the jurisdiction of the court, which had power to ·determine and adjudicate such title and rights as it did the other requirements as to alimony under the changed conditions.

But appellant says that even if the court does have such power as to the future title and rights under the policy, that she was the owner thereof and the rights thereunder while she held it and is entitled to the $752, the paid-up value thereof which accrued while she was the assignee thereof. There is no question that the contention would be plausible but for the conditional quality of its assignment to her. The evident purpose of the alimony decree was her support and maintenance and not a division of property. The protection afforded by the policy operated to guarantee to her against the failure of alimony payments by the death of appellee. The purpose of the chancellor in refusing to make its assignment absolute is inferable from the language of the decree. But it is made clear by his subsequent construction evidenced in his decreeing its return to appellee. He knew his own purpose, and his disposition of the policy verifies our conclusions as to his original intent.

But Mrs. East is not entitled after the date of her remarriage to the monthly payments for her support nor the mortgage installment payments against the former home. Her remarriage relieved her former husband of all duty to support and maintain her thereafter. Sides v. Pittman, 167 Miss. 751, 150 So. 211; Atlass v. Atlass, 112 Cal. App. 51, 297 P. 53.

That there is no legal basis for the award to appellant of the lump sum of $350 is in effect conceded by both counsel. It is of course inconsistent with our views as to the proper disposition of the insurance policy. It was

error to make such award whether as a precedent condition to the return of the policy or not.

The cause is affirmed on direct appeal and reversed on cross-appeal, and appellant is directed to reassign to appellee life insurance policy No. 372285 of the Reliance Life Insurance Company.

Affirmed on direct appeal, reversed on cross-appeal, and decree here for cross-appellant.

**McGehee, J.**, dissents.

**Smith, C. J.**, delivered a partially dissenting opinion.

The court below may have erred in its decree of November 20, 1934, in directing the appellee to assign this insurance policy to the appellant, but that error, if such it is, could be corrected only on a direct appeal from that decree to this court, and therefore it is not for consideration here. The appellee having assigned the policy with the approval of the insurance company to the appellant, it became her property, and no interest therein remained in the appellee. Murphy v. Red, 64 Miss. 614, 1 So. 761, 60 Am. Rep. 68; Grant v. Independent Order, etc., 97 Miss. 182, 52 So. 698; Lamar Life Ins. Co. v. Moody, 122 Miss. 99, 84 So. 135; Lincoln v. Equitable Life Assur. Soc., 124 Miss. 153, 87 So. 6; Bank of Belzoni v. Hodges, 132 Miss. 238, 96 So. 97; Christian v. Merchants Nat. Bank & Trust Co., 188 Miss. 586, 195 So. 485. These cases are in accord with all of the modern authorities, as will appear from 6 Couch Cyc. of Insurance Law, Section 1458; 29 Am. Jur. "Insurance," sec. 492; 32 C. J. 1240.

The opinion in chief herein proceeds on the theory that the court below awarded this insurance policy to the appellant in its decree of November 20, 1934, as a security for the payment by the appellee of the monthly installments of alimony, also awarded her, in the language of the opinion, "to guarantee . . . her against the failure of alimony payments by the death of appellee."

This, I think, is a misconception of the decree; moreover to so have awarded the policy would have been a patent error. A divorced husband is under no obligation to provide for the support of his former wife after his death, and no court has the power to impose such an obligation on him. Alimony may be awarded in part in specific property, and in part in continuing payments, at intervals, of specific amounts of money. That was what the court below here did. The policy was property owned by the appellee, and the decree directing him to assign it to the appellant contains no word limiting the effect of the assignment, without which it vested the ownership of the property in the assignee. But it is said that the chancellor knew his own purpose in rendering the decree of November, 1934. We may presume that he did, but that purpose must be ascertained from the words used by him in the decree to express it. Again, it is said that the appellee received no consideration for the assignment by him of the policy to the appellant. But consideration vel non to the husband does not enter into the decree of a court of equity in a divorce proceeding awarding his wife alimony, and, therefore, its absence here is of no consequence.

Having awarded this policy to the appellant as a part of the alimony decreed her on November 20, 1934, the court below was without power to thereafter take it away from her, and return it to the appellee; and that a consideration was decreed to be given her therefor did not cure this error. Lee v. Lee, 182 Miss. 684, 181 So. 912, does not conflict herewith, for that case dealt only with monthly payments decreed to be made to the wife by her divorced husband.

The assignment of the policy to the appellant did not, of itself, carry with it any obligation on the part of the appellee to continue to pay the premiums thereon. Consequently, no error was committed by the court below in relieving the appellee from the provision in its former decree directing him to pay these premiums.