383 So.2d 823 (1980)
Patricia Ellen G. McHANN
v.
Bobby Leon McHANN.
No. 51895.
Supreme Court of Mississippi.
May 14, 1980.
Jean D. Muirhead, Jackson, for appellant.
Young, Scanlon & Sessums, Robert R. Marshall, Jackson, for appellee.
Before PATTERSON, P.J., and SUGG and BOWLING, JJ.
*824 SUGG, Justice, for the Court:
This appeal is from a decree of the Chancery Court of the First Judicial District of Hinds County dismissing appellant's petition to cite appellee for contempt and modifying the alimony provisions of a final decree of divorce by terminating all future obligations of appellee to pay alimony to appellant.
Patricia Ellen G. McHann, appellant, and Bobby Leon McHann, appellee, were married on January 4, 1963. Appellant was granted a divorce from appellee on April 2, 1974. The final decree of divorce incorporated a property settlement agreement of the parties. Under the property settlement agreement appellee conveyed the house and lot jointly owned by the parties in Edwards, Mississippi, to appellant, conveyed appellant an automobile, paid appellant a lump sum alimony of $6200, agreed to pay appellant alimony of $3600 annually, agreed to pay $22 per month on appellant's medical insurance, and agreed to make appellant beneficiary in a $125,000 decreasing term life insurance policy which could never be reduced below $30,000.
*825 Appellant filed a petition to cite appellee for contempt on September 13, 1977, and alleged that appellee had paid only $900 of the $3600 alimony payment due on April 2, 1977, and that appellee had failed to pay the premium due on the decreasing term life insurance policy for the months of June, July and August, 1977. On October 10, 1977, appellee filed his petition to modify the alimony and other support provisions of the divorce decree. Appellee alleged that appellant had engaged in adulterous affairs with numerous men since the divorce and prayed that he be released from all future obligation to pay alimony. The causes were consolidated for trial and hearings were held on April 3, 1979 and June 12, 1979. Appellant filed a motion to amend her petition to cite appellee for contempt to include the alimony payments due in 1978 and 1979, and for additional insurance premiums on the decreasing term life insurance in the amount of $562.95.
Appellant assigns three errors which present four issues as follows: (1) Did the court err in dismissing the petition to cite appellee for contempt? (2) Were the 1978 and 1979 alimony payments vested in appellant? (3) Did the court err in modifying the final decree by relieving appellee of all future obligation to pay alimony or other financial support to appellant? (4) Did the lower court err in not awarding appellant attorney's fees?

I.
In her petition to cite appellee for contempt, the appellant claimed appellee had paid only $900 on the alimony payment due in April, 1977, leaving a balance of $2700 plus three months premium on the decreasing term life insurance policy.
Appellee testified that, following the divorce, he paid appellant, as an advance on alimony, a sum in excess of $4,700 consisting of house payments, bills for electric service to appellant's home, automobile insurance, taxes, and for fungus treatment and for plastic installed in the home deeded to appellant. Appellee claimed that he had overpaid the amount due appellant in excess of $1,900 at the time appellant filed her petition to cite him for contempt. Appellant denied that the payments were made as an advance on alimony and contended that they were made voluntarily. The court, in the final decree, held that appellee was entitled to credit for the payments and had paid appellant an amount in excess of that required to be paid under the terms of the final decree of divorce. The chancellor made this finding based on conflicting testimony, and under the well established rule that we do not reverse a chancellor for finding of fact unless his findings are clearly against the weight of the evidence, we affirm and hold that the petition for citation for contempt was properly dismissed.

II.
The next question is whether the 1978 and 1979 alimony payments were vested in appellant, thereby depriving the chancery court of the authority to relieve appellee of these payments.
In Lee v. Lee, 182 Miss. 684, 181 So. 912 (1938) appellee was granted a divorce from appellant, his wife. The decree provided for alimony on a monthly basis which began at $60 and was reduced to $45 a month by the terms of the decree. After making all payments due by the terms of the decree, appellee filed a petition asking the court to reduce the monthly alimony payments from $45 to $25. After a hearing the trial court reduced the payments from $45 to $25 per month from the time of filing the petition. Appellant filed a petition to cite appellee for contempt for failure to pay the $45 per month required by the original decree. The two petitions were consolidated and tried together. The trial court dismissed the contempt proceeding and granted the prayer of appellee's petition, reducing the amount of monthly payments to $25. One of appellant's arguments on the appeal was that she had a vested right in the $45 per month alimony allowed her by the original decree and appellee was in default $20 per month because he had only paid $25 per month following the filing of his petition for modification. Appellant argued that the vested *826 right could not be taken away because of the clean hands doctrine. On appeal, the decree of the chancery court was affirmed in the following language:
We are of the opinion that Section 1421, Code of 1930, and the principles laid down in Schlom v. Schlom, 149 Miss. 111, 115 So. 197, and Campbell v. Lovgren, 175 Miss. 4, 166 So. 365, are a complete answer to the first contention of appellant. In considering this question it should be borne in mind that the reduction complained of did not begin until after the filing of the petition for modification. That was true in the Schlom Case. In that case the court upheld the reduction made by the husband and father without first having such reduction approved by the court. In discussing the question the court said that the clean hands doctrine had no application  would not prevent the relief prayed for; that the husband and father had the right to make the reduction subject to the approval of the court. Section 1421 provides, among other things, for the allowance of alimony to the wife, and that the court may afterwards, on petition of the husband, change the decree and from time to time make such new decree as the case may require. Under this section no alimony decree is ever a final judgment, it is always open to change. (182 Miss. at 688, 689, 181 So. at 912, 913).
In the case before us appellee had paid all sums due by him at the time he filed his petition to modify on October 10, 1977.
The 1978 and 1979 alimony and insurance premiums did not accrue until after appellee had filed his petition to modify the original decree. We therefore hold, under the authority of Lee, supra, that appellant did not have a vested right in the 1978 and 1979 alimony and insurance premiums, and the court did not err in so holding.

III.
The third proposition urged by appellant is that the court erred in modifying the final decree by relieving appellee of all future obligation to pay alimony or other financial support to her. The proof shows that appellant had committed adultery with at least four men since obtaining her divorce in 1974. The relationship with the first man began soon after the divorce and continued until 1976 and 1977. Appellant was not certain of the date she broke off her relationship with this man. Following this she admitted adultery with three other persons which continued until shortly before the last hearing in this case. In fact, one man lived in her house for a week between the April, 1979 and June, 1979 hearing. The chancellor held that appellant was not entitled to any alimony because of her adulterous conduct, and cited Rubisoff v. Rubisoff, 242 Miss. 225, 133 So.2d 534 (1961) as authority for his holding.
In McRae v. McRae, 381 So.2d 1052, 1055, we cited Rubisoff and stated:
The trier of fact, by the opinion, has the duty to find whether or not the alleged misconduct of the former wife is of such nature as to forfeit her right to future alimony. Where, as here, the misconduct has terminated before trial, the trier of fact has the further responsibility to decide whether the termination is in good faith and with intention not to revert to the error.
No hard and fast rule or mold may be laid down to fit at once all of the spectrum of misconduct. The question must be faced and determined on a case-by-case basis.
We are of the opinion that the chancellor was correct in holding that appellant had forfeited her right to future support from appellee because her admitted adultery during the period following her divorce was of sufficient duration and frequency to justify the holding of the chancellor. To hold otherwise would be to condone adultery and in effect would penalize a divorcee for marrying but reward her for cohabitation without benefit of marriage.

IV.
The last issue involved the question of attorney's fees. The proof shows that *827 appellant owns a house and lot in Edwards which has very little, if any, debt against it, savings accounts of $7400 and 42 or 45 shares of stock in the Bank of Edwards. She was able to pay her own attorney and the chancellor did not err in requiring her to do so.
For the foregoing reasons, we are of the opinion that the decree of the chancery court should be affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.