¶ 1. The Motion for Rehearing is denied. The original opinions are withdrawn and these opinions are substituted therefor.
¶ 2. From a decree of the Chancery Court of Simpson County denying a petition by Herbert Frank Scharwath (Frank) to terminate his periodic alimony payments to Dianna Scharwath, Frank appeals. He contends that his proof was sufficient as a matter of law to justify the chancellor's termination of alimony payments; that the chancellor was manifestly wrong and clearly erroneous in his finding that no support was being given to, or received by, Dianna from Jim Burns; and that the chancellor's failure to terminate alimony upon a finding of cohabitation is a violation of the public policy of Mississippi. Because we agree that cohabitation creates a presumption of mutual support between Dianna and Burns, we reverse and remand the decision which denied Frank's request to terminate alimony payments.
 I.
¶ 3. Frank and Dianna Scharwath were married on August 9, 1963. Dianna was granted a divorce from Frank on November 19, 1992. The final decree of divorce incorporated a settlement which, interalia, called for Frank to pay Dianna $1800 per month in alimony.
¶ 4. On September 13, 1993, Frank filed a petition to modify the judgment of divorce to terminate the periodic alimony payments. Frank initially claimed inability to pay as the reason for modification, but eventually he only pursued the cohabitation of appellee with another man as grounds for termination. *Page 1211 
On March 24, 1994, the chancellor found that the provision of the settlement agreement that required Frank to pay $1800 a month to Dianna was subject to modification. On December 28, 1994, however, the chancellor ultimately denied Frank's petition to modify the judgment. It is from this order that Frank urges this appeal.
 II.
¶ 5. In his petition to modify, Frank asserted that because Dianna was cohabiting with one Jim Burns, her alimony privileges should cease. The chancery court, in its final decree, found that Dianna was having a sexual relationship and cohabiting with Burns. However, the court also found that there was no substantial support by Dianna for Burns and no substantial support by Burns for Dianna. This Court will not "disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied." Crow v. Crow, 622 So.2d 1226, 1228 (Miss. 1993);Bell v. Parker, 563 So.2d 594, 596-97 (Miss. 1990).
¶ 6. Modification of alimony may occur upon the existence of a situation of mutual support between the recipient spouse and another individual which alters the recipient spouse's financial needs. Ellis v. Ellis, 651 So.2d 1068, 1072 (Miss. 1995);Hammonds v. Hammonds, 641 So.2d 1211, 1217 (Miss. 1994). The facts established at trial showed that Dianna provided Burns with a pick-up truck and a rent-free home in which to live and from which he could operate his successful carpentry business. Burns' carpentry business provided a definite source of income, with frequent jobs in Jackson, Mississippi and Fairhope, Alabama. With this successful business providing income, Burns continued to return to Dianna's home where he lived as if married to Dianna, as established by neighbors and Dianna's own son, who often stayed with his mother at the same time she and Burns slept in the master bedroom. Burns provided continuous support around the house and engaged in large projects such as building a deck, retiling the basement, and various other carpentry and maintenance tasks. He even moved furniture into the home and maintained duties such as cutting the grass, washing the car, carrying out the garbage and purchasing insurance on the truck.See Tedford v. Dempsey, 437 So.2d 410 (Miss. 1983) (stating that "in kind" services must be assigned monetary value as well). Based on these undisputed facts, direct evidence established that Dianna provided Burns with support in the form of transportation and a home to live in. Further, it was, by reasonable inference, clear that Burns likewise provided income and support to Dianna in return. Consequently, the chancellor erred in failing to consider the mutual support as between Dianna and Burns.
¶ 7. The chancellor's failure to find a material change in circumstances stemmed from the lack of direct financial evidence presented by Frank at trial. This rationale, along with the facts of this case, accurately reflects the difficulty a providing spouse faces in presenting direct evidence of mutual financial support between cohabiting parties. The parties who live in cohabitation can easily and purposely keep their condition of mutual financial support concealed from the paying spouse, as well as from courts seeking only financial documentation before it will grant a modification. Such is the reason that we will, in future cases, apply the rule that proof of cohabitation creates a presumption that a material change in circumstances has occurred.See DePoorter v. DePoorter, 509 So.2d 1141, 1144 (Fla.App. 1 Dist. 1987) (stating that presumption of material change in circumstances exists where recipient party cohabits with another). This presumption will shift the burden to the recipient spouse to come forward with evidence suggesting that there is no mutual support within his or her de facto marriage. While this presumption does not alter the overall burden of proof or the standard used to determine whether a modification is warranted, it does create a middle ground for this Court, between making moral judgment on the parties and condoning cohabitation outright. See McHann v. McHann, 383 So.2d 823, 826 (Miss. 1980) (finding that admitted cohabitation forfeited right to future alimony since holding otherwise would reward cohabitation *Page 1212 
without benefit of marriage); McRae v. McRae, 381 So.2d 1052, 1055-56 (Miss. 1980) (finding that misconduct of recipient spouse may be sufficient to warrant the termination of alimony).
 III.
¶ 8. In conclusion, we find that a review by the chancellor in light of the presumption as set out above is necessary. The facts of this case clearly present a question of whether the presumption of mutual support is overcome in the chancellors' determination of whether the alimony should be terminated, and for this reason, the chancellor's decision is hereby reversed and remanded.
¶ 9. REVERSED AND REMANDED.
DAN LEE, C.J., and PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and MILLS, JJ., concur.
BANKS, J., concurs with separate written opinion joined by PRATHER and SULLIVAN, P.JJ., and SMITH, J.