MAHAFFEY, GUARDIAN, ETC. *v.* FIRST NATIONAL BANK

No. 40527 November 4, 1957 97 So. 2d 757

*A. M. Nelson, Green, Green & Cheney,* Jackson; *W. S. Murphy,* Lucedale, for appellant, Mrs. Thelma Mahaffey, Guardian for her minor children Carol Elizabeth Mahaffey and Earl L. Mahaffey, who are children of her former husband, E. L. Mahaffey, Sr., deceased.

*Travis & Moore,* Jackson, for appellees, Mrs. Vivian R. Mahaffey, widow and Vivian Rose Mahaffey, Rebecca Earleen Mahaffey and Constance Marie Mahaffey, minor children of E. L. Mahaffey, Sr., deceased.

*Byrd, Wise & Smith,* Jackson, for appellees, First National Bank of Jackson, et al.

*Robertson & Cruthirds, Edward L. Cates,* Jackson, for appellees, Mrs. Marie Barlow and Clarence W. Barlow.

HOLMES, J.

This appeal involves the construction of the last will and testament of E. L. Mahaffey, deceased, and the validity of certain claims probated against the estate of the deceased and asserted on behalf of Earl L. Mahaffey, Jr. and Carol Elizabeth Mahaffey through their mother and guardian, Mrs. Thelma Mahaffey. The said Earl L. Mahaffey, Jr. and Carol Elizabeth Mahaffey are minor children of the said deceased by his marriage to Mrs. Thelma Mahaffey.

E. L. Mahaffey and Mrs. Thelma Mahaffey were married on June 1, 1930. Two children were born of this marriage, namely, the said Earl L. Mahaffey, Jr. and Carol Elizabeth Mahaffey.

On May 29, 1944, E. L. Mahaffey and Mrs. Thelma Mahaffey were divorced by decree of the Chancery Court of the First Judicial District of Hinds County. The decree awarded to Mrs. Thelma Mahaffey an absolute divorce, the custody of the two children named above, and made certain provisions for the maintenance and

support of Mrs. Thelma Mahaffey and the two children.

On April 21, 1946, Mrs. Thelma Mahaffey remarried, marrying one E. F. Franklin.

Subsequently, E. L. Mahaffey remarried, his second wife being Mrs. Vivian R. Mahaffey, and of this union three children were born, namely, Vivian Rose Mahaffey, Rebecca Earleen Mahaffey and Constance Marie Mahaffey.

On January 25, 1949, the deceased, E. L. Mahaffey, made his last will and testament. On this date the deceased and his wife Vivian had only one child, namely, Vivian Rose Mahaffey. The other two children, Rebecca Earleen and Constance Marie, were born subsequent to the date of the will, the said Constance Marie being born posthumously.

The deceased, E. L. Mahaffey, died October 5, 1955. On the date of the death of the deceased, there survived him the two children of his first marriage, Earl L. Mahaffey, Jr. and Carol Elizabeth Mahaffey, his second wife, Mrs. Vivian R. Mahaffey, and two of the children born of his second marriage, Vivian Rose Mahaffey, age 10 years, and Rebecca Earleen Mahaffey, age 3 years. At the time of his death, his wife, Vivian, was enceinte and thereafter on January 6, 1956, there was born of said marriage a third child, Constance Marie Mahaffey. Consequently, the heirs at law of the deceased consist of his wife, Mrs. Vivian R. Mahaffey, and the two children of his first marriage and the three children of his second marriage.

The divorce decree awarded to Mrs. Thelma Mahaffey, dated May 29, 1944, recited the following: "It appearing that the question of alimony, support of the children, and attorneys' fees have been adjusted out of court. . . ." It then proceeded to order among other things the following:

"(1) That the defendant convey by warranty deed to the complainant, Mrs. Thelma Mahaffey, and to their

children, Carol Elizabeth and Earl L. Mahaffey, Jr., the property then being occupied by the parties as a homestead, together with all of the furniture and fixtures therein except certain personal items in the house belonging to the defendant, and that the defendant pay all taxes, special assessments, and insurance premiums for insurance against fire and tornado on said real property.

''(2) That the defendant pay to the complainant for her support and maintenance and the support and maintenance of the children the sum of $200 a month, the same to be deposited on the first day of each month in the Capitol National Bank of Jackson, Mississippi, beginning on the 1st day of June 1944, and in addition, dry cleaning for herself and children to be done at the Snow White Cleaners without charge to the complainant.

''(3) The defendant shall have transferred all his present life insurance contracts to the two said children as beneficiaries.

''(4) The complainant shall retain the family automobile which is now in her possession.''

Following the remarriage of Mrs. Thelma Mahaffey to E. F. Franklin on April 21, 1946, the deceased, E. L. Mahaffey, filed a petition for the modification of the divorce decree, the same being filed on May 3, 1946. In said petition, the remarriage of Mrs. Thelma Mahaffey was alleged and it was further alleged that her said remarriage so changed conditions and obligations of support theretofore existing between the petitioner and the said Mrs. Thelma Mahaffey that the petitioner was no longer morally or legally obligated to support and maintain her. The petition then prayed as follows: ''That on final hearing, said decree be so modified as to eliminate all items therein provided for the support and maintenance of the respondent and leave therein all items for the support and maintenance of the minor children.'' The record does not reflect that there was a hearing on this petition, but it does show that the deceased and his

former wife, Mrs. Thelma Mahaffey, entered into an agreement whereby the monthly allowance of $200 for the support and maintenance of Mrs. Thelma Mahaffey and her two children was reduced to the sum of $125 per month for the support and maintenance of the two children only.

Following the rendition of the divorce decree, the deceased, E. L. Mahaffey, in his life time, complied in all respects with the same as originally rendered and as later modified by agreement, except that he failed to have transferred to his said two children as beneficiaries all life insurance policies in force on his life at the time of the rendition of the decree and which developed to be policies payable to his estate in the aggregate amount of $11,500. In other words, according to the provisions of the decree which manifestly appear from the recitals therein to have been entered pursuant to an adjustment reached out of court, the said deceased conveyed the homestead to Mrs. Thelma Mahaffey and her said two children, paid to the date of his death the taxes and assessments accruing thereon, and the insurance premiums accruing for insurance thereon, and all monthly allowances for support and maintenance amounting to $200 per month for the support and maintenance of the said Mrs. Thelma Mahaffey and her two children, until reduced by agreement to $125 per month for the support and maintenance of the two children only, and the said Mrs. Thelma Mahaffey was permitted to retain the family automobile. As stated above, however, the deceased failed to transfer to said two children as beneficiaries the said insurance policies although he paid the premiums thereon and maintained the same in force to the date of his death.

On the date of the death of E. L. Mahaffey, deceased, he left a last will and testament bearing date of January 25, 1949, wherein he named the Capitol National Bank of Jackson, Mississippi, as executor. This will was admit-

ted to probate in the Chancery Court of the First Judicial District of Hinds County on October 12, 1955, and the First National Bank of Jackson, Mississippi, successor to the Capitol National Bank, was appointed administrator C.T.A. of the estate of the said deceased.

Pertinent portions of the said last will and testament of the said deceased are as follows:

"Item 2. I direct that my executor shall pay to the trustee hereinafter named for my daughter, Carol Mahaffey, the sum of $2,000 which I now hold for her.

"Item 3. Subject to the conditions hereinafter imposed, I give, devise and bequeath the business now operated by me in Jackson, Mississippi, under the trade name of Snow White Cleaners, unto my sister, Mrs. Marie Barlow and my brother-in-law, Clarence Barlow, together with all the furniture, fixtures, machinery, supplies, and automobile trucks used in the operation of said business and the real estate for the period of their lives, with revertion to the heirs of my body. However, there is excepted from this bequest any notes and accounts due to said business at my death and any and all money in bank or on hand. This bequest is conditioned upon my sister and brother-in-law paying all outstanding indebtedness due and owing on account of said business known and designated as Snow White Cleaners. This bequest is made to my sister and brother-in-law upon the express condition that they shall on or before the 10th day of each month pay to my wife, Vivian R. Mahaffey, the sum of $200 until she shall remarry or until her death and on the occurrence of either event, one-half of said sum shall be paid to the trustee herein named and one-half of said sum to my daughter Vivian Rose Mahaffey. On the failure for the period of 90 days on the part of my said sister and brother-in-law to make any of said payments as herein provided, the property herein bequeathed to them shall immediately become vested in my said wife, Mrs. Vivian R. Mahaffey, in fee simple,

provided however that in the event my said wife so desires, she may extend the time in which said $200 payments shall be made for such time as she may agree with my said sister and brother-in-law.

"Item 5. The rest, residue and remainder of my property of every kind and character I desire to be divided into four equal parts, one part of which I give, devise and bequeath unto my beloved wife, Vivian R. Mahaffey, in fee simple; one part to my daughter, Vivian Rose Mahaffey, in fee simple; one part to the Capitol National Bank in Jackson as trustee for Carol Mahaffey, and one part to the Capitol National Bank in Jackson as trustee for Earl Lester Mahaffey, Jr."

Subsequent to the admission of said will to probate and within the time allowed by law, Mrs. Thelma Mahaffey, as the guardian of her children, Earl L. Mahaffey, Jr. and Carol Elizabeth Mahaffey, probated claims against the estate of E. L. Mahaffey, deceased, one for taxes accruing on the real property awarded in the divorce decree for the period subsequent to the death of the deceased, one for insurance premiums accruing for insurance on said property subsequent to the death of the deceased, one for the monthly payments provided in the divorce decree for the support and maintenance of the children accruing subsequent to the death of the deceased, and one for the proceeds of the life insurance aggregating $11,500.

After the admission of the last will and testament of the deceased to probate and the qualification of the First National Bank of Jackson as the administrator C.T.A. of the estate of the deceased, the said administrator filed a petition in the Chancery Court of the First Judicial District of Hinds County seeking a construction of said last will and testament, and particularly a construction of Items 2, 3 and 5 of the will to the end that it might properly administer the estate pursuant to the provisions of the will, and likewise sought a construction of the will

as to the rights of Rebecca Earleen Mahaffey and Constance Marie Mahaffey, particularly in view of Section 659 of the Mississippi Code of 1942, providing that where a child or children are born after the execution of a will and no provision for such child or children is made in the will, the said child or children shall inherit to the same extent and manner as though the testator had died intestate.

Parties to the proceedings in addition to the administrator C.T.A. and Mrs. Thelma Mahaffey, Guardian of Earl L. Mahaffey, Jr. and Carol Elizabeth Mahaffey, are Mrs. Vivian R. Mahaffey, widow of the deceased, the Deposit Guaranty Bank and Trust Company, Guardian of Vivian Rose Mahaffey, Rebecca Earleen Mahaffey, and Constance Marie Mahaffey, First National Bank of Jackson, Trustee for Earl L. Mahaffey, Jr., and Carol Elizabeth Mahaffey, and Mr. and Mrs. Clarence Barlow. The administrator, C.T.A., is interested only to the extent of obtaining a proper construction of the will and administering the estate in accordance therewith.

Said petition was duly answered by the parties to the proceedings, and particularly by Mrs. Thelma Mahaffey, guardian of Carol Elizabeth and Earl L. Mahaffey, Jr., and the said Mrs. Thelma Mahaffey, as such guardian, made her answer a cross-bill wherein she sought the following:

(1) A compliance with Item 2 of the will directing the executor to pay to the trustee of Carol Mahaffey the sum of $2000 pursuant to what the cross-complainant contended was a trust created in the decedent, said sum of $2000 being the proceeds of money collected as damages for personal injuries sustained by the said Carol Mahaffey. (As to this item, there is no contest by the parties, the existence of the trust being conceded.)

(2) To require the executor of the estate to pay the taxes and special assessments and insurance on the home-

stead accruing subsequent to the date of the death of the decedent.

(3) To require the executor to pay to the guardian of said children for their support the monthly allowance of $125 per month accruing subsequent to the date of the death of the decedent.

(4) To require the executor to pay to said guardian the total amount of life insurance which was in force and effect on the life of the decedent and payable to his estate at the time of the rendition of the divorce decree, and which was likewise in effect on the date of his death, aggregating $11,500.

The record reflects that after the death of the deceased, the administrator collected said life insurance aggregating $11,500 and had the same in its possession.

The probated claims asserted by Mrs. Thelma Mahaffey on behalf of her said children were contested.

The cause was tried on September 28, 1956, and upon the conclusion of the hearing, the court took the case under advisement until December 4, 1956, on which date it rendered its opinion and finding of facts and conclusions of law. The chancellor found and held as follows:

(1) That the children, Rebecca Earleen and Constance Marie, were not provided for nor disinherited in the will, and were each entitled to an undivided 1/6 interest in the corpus of the estate, and directed the administrator to make distribution accordingly.

(2) He construed Item 3 of the will as being a devise to the Barlows for life in both the real and personal property constituting the business operated by the testator at the time of his death under the name of Snow White Cleaners, with remainder to the heirs of the body of the testator and subject to the conditions therein set forth, and subject to the undivided 1/6 interest each of Rebecca Earleen and Constance Marie. The court directed that the 2/3 interest thus remaining as a devise

to the Barlows be tendered to the Barlows subject to the conditions prescribed in the will, and that the Barlows, to the extent of the 2/3 interest devised and bequeathed to them, pay to the administrator the sum of $443.22 for reimbursement of payment of 2/3 of the outstanding indebtedness owing on account of said business, and to pay $466.68 in payment of 2/3 of the lien against said business and the properties for repairs previously authorized by the court, and that such payment be made on or before January 1, 1957, on which date it was provided that the Barlows and their cotenants, Rebecca Earleen and Constance Marie Mahaffey, should take possession. It was further provided by the court that should the Barlows reject the devise of the properties as so tendered to them and subject to the conditions imposed that the said properties would become a portion of the residuary estate and subject to sale at private sale but for not less than the appraised value thereof.

(3) The chancellor directed that the residue of the estate be divided into six equal parts and distributed one part each to the surviving widow and children of the deceased.

(4) The court denied all of the probated claims of Mrs. Thelma Mahaffey as guardian for her said children, including the probated claim for payment to her of the life insurance proceeds in the amount of $11,500, and held that the liability of the deceased for the support of his children terminated upon his death.

Pursuant to the directions of the court in its decree which was entered under date of December 18, 1956, the property constituting the Snow White Cleaners was tendered to the Barlows, that is to say, a two-thirds interest therein was tendered subject to the conditons as provided in the will and imposed by the chancellor. The chancellor had provided in his decree that the Barlows signify acceptance in writing to the administrator on or

before December 27, 1956, of the tender so submitted to them.

The Barlows, under date of December 27, notified the administrator of their acceptance, but attached thereto conditions, namely, a condition that they be transferred the entire interest in the Snow White Cleaners' property subject to the conditions imposed in the will, and they further submitted in their response that since it was made known to them that an appeal was being prosecuted to the Supreme Court from the decision of the chancellor, they attached as a condition that the decision of the case by the Supreme Court should not affect or change their right to all the said property and all interests therein for the time and under the conditions set forth in the will.

The chancellor, with the consent of the Barlows, struck from the response of the Barlows the conditions set forth therein and with the full consent and approval of the Barlows, construed the response as being an unqualified acceptance of the offer as tendered to them, and decree was thereupon entered accordingly under date of December 29, 1956.

This appeal is prosecuted by Mrs. Thelma Mahaffey, as guardian of the said Earl L. Mahaffey, Jr. and Carol Elizabeth Mahaffey. The other parties to the proceedings are the appellees.

The appellant contends on this appeal the following: (1) That the court erred in denying to the said Earl L. Mahaffey, Jr. and Carol Elizabeth Mahaffey the proceeds of life insurance, aggregating the amount of $11,500; (2) the court erred in holding that the liability and obligation of E. L. Mahaffey for the suppport and maintenance of his children terminated upon his death; (3) the court erred in holding that Constance Marie and Rebecca Earleen Mahaffey were pretermitted children under Section 659 of the Mississippi Code of 1942; (4) the court erred in that it abused its discretion by striking

from the response of the Barlows the conditions which they had incorporated therein, and by treating the response of the Barlows as an absolute acceptance of the offer submitted to them.

We address ourselves first to the question of the right of Earl L. Mahaffey, Jr. and Carol Elizabeth Mahaffey to the proceeds of the life insurance policies in the aggregate amount of $11,500.

The appellant contends that the provisions in the divorce decree for the support and maintenance of the children, including the monthly allowances and the life insurance, were, according to the recital in the decree, fixed pursuant to an adjustment agreed upon by the parties out of court, and that as to such provisions the decree was to all intents and purposes a consent decree, and that neither the said E. L. Mahaffey, if living, nor his heirs, legatees or devisees after his death, can question or challenge the validity of such provisions.

On the other hand, the appellees contend that the court in rendering the divorce decree was without power to divest the said E. L. Mahaffey of the insurance policies and vest the same in the two children, and that since the policies were neither in fact transferred or assigned to the children by naming them as beneficiaries therein, the policies and the proceeds thereof were the property of the deceased at the time of his death and therefore became a part of his estate. To support their contention, the appellees rely principally upon the cases of Grego v. Grego, 78 Miss. 443 (1900), and McCraney v. McCraney, 208 Miss. 105, 43 So. 2d 472 (1949). An analysis of these cases will demonstrate that they are not applicable to the case before us.

In the Grego case, Vincent Grego sued his wife, Mary, for divorce, charging her with desertion and cruel and inhuman treatment. The bill averred that some years before the complainant had insured his life in the Mutual Life Insurance Company of New York for $1,000, taking

the policy in favor of the defendant who was made the beneficiary therein. It was further alleged that the insurance company would not change the beneficiary without Mary's consent, and it was claimed by the complainant that it would be unjust for Mary to retain ownership of the policy on which the complainant had paid the premiums after forfeiting her right to remain his wife. The bill sought not only a divorce but a decree divesting Mary of her interest in the insurance policy. The court entered a decree granting Vincent a divorce and adjudging Mary no longer interested in the life insurance policy. On appeal, the decree of the trial court was affirmed as to the divorce, but reversed as to the matter of insurance. The Court said: "The decree as to the divorce is affirmed. It was manifest error to award the policy to the appellee. The contract (the policy) by its terms conferred a vested interest on Mrs. Grego irrevocable by appellee or by any court. The court had no power to take from appellant this policy—her property vested by contract—than to take from her anything else that was her sole property. This is an ordinary life policy. Divorce has no effect upon that property, which is the wife's solely. . . . This is an ordinary policy under the express terms of which the whole beneficial interest was vested solely in the appellant. Neither the appellee nor the courts could take that which was hers solely from her. That would be depriving her of her property without due process of law."

In the McCraney case, Lee Ethel McCraney brought suit against her husband, Percy McCraney, seeking a divorce and alimony. The court, after hearing the case, awarded a divorce to the wife, and the decree further provided that, "The complainant, Lee Ethel McCraney, shall have by way of alimony the fee simple title to the property described in the original bill which had been occupied by the parties as a home and that this decree shall

operate as a conveyance to her of the fee simple title to said property."

This Court, in reversing the decree of the trial court, said: "Without regard to whether or not the proof was sufficient to sustain either of the grounds for divorce stated, we know of no authority for a court to divest the husband of the title to his property and to vest the title in the wife by judicial fiat or decree."

 It will be noted that the question of a consent decree was not involved in either the Grego case or the McCraney case. We recognize the general rule announced in these two cases to the effect that the court is without power to divest one of title to his property and vest the same in another by judicial fiat or decree, and we do not depart from it. We think, however, that this general rule is not controlling under the facts of the case at bar. It seems clear to us that the divorce decree was to all intents and purposes a consent decree insofar as concerned the provisions for the support and maintenance of the children, including the monthly allowances and the life insurance. Undoubtedly the provision requiring Mahaffey to transfer the insurance policies to the two children was by way of an allowance for the support and maintenance of the children and was pursuant to an agreement between the parties. The decree recites that the question of alimony, support of the children, and attorneys' fees have been adjusted out of court, and then proceeds to make provision for the support of the children by directing the amount to be paid monthly and requiring the transfer of the insurance policies.

It is inconceivable that there would be incorporated in the decree provisions for the support and maintenance of the children contrary to the adjustment or agreement reached out of court. Mahaffey paid the premiums on the insurance policies to the date of his death, and maintained the same in force. He is deemed to have known that his agreement to have the policies transferred to the children

was incorporated in the decree. He confirmed his agreement when he applied for a modification of the decree, praying that all items for the support of his former wife, Thelma, be eliminated from the decree and that all items for the support of the children remain. Although he was under no obligation to keep the premiums paid on the insurance policies, he did so, knowing, of course, his obligation to transfer the policies, and thereby indicating his intention that the children should have the proceeds of the insurance to provide for their support and maintenance after his death. The transfer of the insurance policies for the support of the children was one of the items in the divorce decree which by his sworn petition he asked to be allowed to remain in full force and effect.

We are in accord with the appellant's contention that the divorce decree as to the provisions therein for the support of the two children, including the monthly allowances and the life insurance, was to all intents and purposes a consent decree, and that neither Mahaffey, if living, nor his heirs, legatees or devisees after his death, can question or challenge the validity of such provisions. This view finds support in the cases of East v. Collins, 194 Miss. 281, 12 So. 2d 133; Duvall v. Duvall, 80 So. 2d 752, and Vaughn v. Vaughn, 83 So. 2d 821.

In the case of East v. Collins, supra, the chancery court of Hinds County rendered a decree (1) granting unto Mrs. Collins a divorce from her husband; (2) awarding Mrs. Collins the care and custody of their minor adopted daughter, Margaret, and also monthly allowances for the support of Mrs. Collins and the said child; and (3) further ordered Collins to assign to Mrs. Collins an insurance policy on his life payable to his estate in the sum of $4,000. This decree was entered on November 20, 1934, and on November 22, 1934, Collins, in writing, assigned to Mrs. Collins all of his right, title and interest in the policy. The insurance company agreed to such assignment. Mrs. Collins thereafter remarried. After her

remarriage, Mr. Collins filed a petition in the same cause praying that he be relieved of the duty to pay Mrs. East, his former wife, any alimony, including the mortgage installments and insurance premiums accruing subsequent to her marriage to Dr. East, and that she be required to reassign to him the insurance policy. The trial court ordered Mrs. East to reassign the insurance policy to Mr. Collins, and on appeal, such action of the trial court was affirmed by a divided court. The majority opinion said:

"Appellant lays claim to the absolute ownership of the policy, with the right to have it continued on the life of Mr. Collins until his death, citing Couch on Insurance, Vol. 6, p. 5188-90; 29 Am. Jur., Insurance, p. 401, sec. 503, and other authorities, to the effect that 'where a husband makes an absolute assignment of a policy to his wife for value received, and she predeceases him, her title passes as a part of her estate.' We do not think this rule is applicable here. Aside from whether it would be against public policy for Mrs. East to continue this policy on the life of her former husband, which we do not decide, this was not a voluntary assignment for value of this policy by Mr. Collins. It was not a contract or agreement between them. Mr. Collins assigned the policy under compulsion of a decree of the chancery court and there was no consideration in the ordinary and usual meaning of that term. This assignment was a part of the decree for alimony. It was conditional and interdependent upon the other provisions of the decree—for instance, the payment of the premiums thereon by Mr. Collins. It was not the absolute property of Mrs. East throughout the future, regardless how the conditons might change. Mr. Collins has, and in the future others may have, a very vital interest in the policy."

"This question is intertwined with the power, or lack of power, and jurisdiction of the chancery court to deal with this policy. . . ."

Chief Justice Smith and Justice McGehee dissented from the majority opinion, expressing the view that the appellee having assigned the policy with the approval of the insurance company to the appellant, it became her property, and no interest therein remained in the appellee. The applicability of this case to the question before us for decision is that the opinion points out that the assignment of the policy was not by contract or agreement, indicating that if it had been by contract or agreement, the majority decision would have been otherwise.

In the case of Duvall v. Duvall, supra, the wife brought suit for separate maintenance and for a division of certain property which stood in the name of her husband. The husband in his answer admitted that his wife was entitled to one-half interest in the property, and in addition thereto, the husband's counsel, in open court, moved the court to grant the wife's prayer for a division of the personalty between them. The court held in that case that the court had jurisdiction of the subject matter, that is to say, the jurisdiction to hear and determine Mrs. Duvall's suit for separate maintenance. It was further held that notwithstanding the fact that the trial court denied separate maintenance, the parties nevertheless requested and obtained a decree ordering a division of the property between the parties. The Court said:

"What we do hold may be narrowed to this: That the court had jurisdiction of the suit, and within the sphere of its jurisdictional power, it entered a decree at the instance and request of both parties; and in this situation, neither party may be heard to say on appeal that the decree is invalid."

The case of Vaughn v. Vaughn, supra, is particularly applicable to the case before us. In the Vaughn case, the guardian of Billy Charles Vaughn and Sylvia Ann Vaughn Hubbard, minors, filed on their behalf an original bill in the Chancery Court of Forrest County

charging that the minors were owners of a certain parcel of real estate in the City of Hattiesburg, and there was confusion between the granting and habendum clauses of the deed. They prayed that the deed be reformed so as to convey to them the full title to the property. W. E. Vaughn and Mrs. Mildred Vaughn were married in 1934; the said two children were born of that marriage. A separation occurred and a decree of divorce was entered and the custody of the children was awarded to the mother. The final decree recited: ''That the court having been advised that a property settlement has been arranged between the parties by their respective counsel. . .'' It directed that Vaughn deed the property, referring to certain real estate, to the two children, keep the same repaired, etc. Vaughn deeded the property but incorporated therein certain conditions which served to limit and restrict the title of the children. The suit sought a reformation of the deed. The Court in that case analyzed the Duvall case and also made reference to the McCraney case. The Court, however, after referring to that part of the decree which recited that a property settlement had been arranged between the parties, said: ''Obviously this was to all intents and purposes a consent decree, and he cannot now complain about it.''

Closely analogous to the Vaughn case is the case at bar, wherein it is manifest from the recitals in the divorce decree that the provisions therein contained for the support and maintenance of the children were made pursuant to an adjustment out of court, and, therefore, neither Mahaffey, in his lifetime, now his heirs, legatees and devisees after his death, can question or challenge the validity of such provision.

■■■ We are further of the opinion that this case presents one for the application of the equitable maxim, ''Equity regards that as done which ought to be done.'' Treating the divorce decree as one entered pursuant to an adjustment between the parties as to the provisions

for support and maintenance, and therefore treating it as a consent decree, it is manifest that Mahaffey in such adjustment assumed the obligation to transfer to the two children the policies of insurance. In a discussion of this maxim, there appears in 30 C. J. S., Equity, p. 510, the following:

"The broad meaning or effect of this maxim is that where an obligation rests on a person to perform an act equity will treat the person in whose favor the act should be performed as clothed with the same interest and entitled to the same rights as if the act were actually performed. It is applied only for the purpose of doing equity between the parties. The basis of the maxim is the existence of a duty and it can only be invoked against a party who has failed or refused to perform a duty imposed on him."

Mahaffey assumed the duty of transferring the insurance policies to the children. This he failed to do. Equity will, therefore, treat the children as clothed with the same interest and entitled to the same rights as if the duty had been actually performed. Applying this equitable doctrine, and for other reasons hereinbefore set forth, we have reached the conclusion that the said two children should be adjudged to be the owners of the proceeds of the life insurance and that the learned chancellor was in error in holding to the contrary.

The appellant further contends that the liability of E. L. Mahaffey for the support of his two children, Earl L. Mahaffey, Jr. and Carol Elizabeth Mahaffey, survived his death, and that the chancellor was therefore in error in denying the probated claims filed on behalf of the said children for taxes and insurance accruing subsequent to the death of E. L. Mahaffey and for the monthly allowances for support accruing subsequent to the death of the said Mahaffey.

It should be pointed out in the outset that there is not involved here a question of the obligation of a husband

to support his wife subsequent to his death or subsequent to her remarriage in the event she has obtained a divorce from her husband. It is well settled that a divorced wife who remarries is not thereafter entitled to be supported by her former husband. Sides v. Pittman, 167 Miss. 751, 150 So. 211. The question here presented is as to the liability of a father for the support of his children after the date of his death. The authorities with respect to this question are conflicting and in confusion, as is pointed out in an elaborate note in 18 A. L. R. 2d 1127, et seq. Counsel have referred us to no decision of this Court passing upon the exact question, and our independent research has revealed none. In 27 C. J. S., Divorce, p. 1252, appears the following:

"The rule that the death of the husband puts an end to the payment of money for the support of minor children was applicable at common law to a divorce a mensa et thoro, which did not finally terminate the marriage relation, but merely effected a separation, without disturbing the marital rights and obligations.

"This rule, however, does not necessarily apply to an absolute divorce, and, in the absence of statutory inhibition, it is the general rule that such provisions for support do not necessarily terminate upon the father's death; . . . . . ."

On the other hand, it is pointed out in this same section that under other authorities the obligation of the father to support his child does not survive his death.

In 17A Am. Jur., Divorce and Separation, p. 52, it is said:

"It is often held that on the death of a parent who has been ordered to make payments for the support of a child the order terminates automatically with respect to payments which would have accrued after such death, at least where the court has not, pursuant to the agreement of the parties, in effect ordered that the payments shall not be affected by the parent's death. According

to this view, where the statute or the decree provides that the father shall pay, but there is no reference to his executor or administrator, the order is in personam against the father and not against his estate. . . . . The question whether the obligation for continuing payments survives the death of the father is one to be resolved according to the intent manifested by the decree expressly or by fair implication. . . . . Where an agreement approved by the divorce decree requires that the father maintain a life insurance policy for the benefit of the child, this tends to show that the parties thought that the child support ceased at the father's death.''

█ █ We think the better rule is that the liability of the father to support his child does not survive his death in the absence of a contract or agreement imposing such liability. To hold otherwise would seriously impede the administration of the estates of decedents and delay the closing thereof and restrict the right of an individual in making disposition of his property by will.

█ █ It does not appear in the instant case that the adjustment which the parties reached out of court, and which was afterwards incorporated in the decree, imposed any liability upon Mahaffey for the support and maintenance of his children subsequent to his death. We are of the opinion, therefore, that the chancellor was correct in holding that the liability of E. L. Mahaffey for the support of his children terminated upon his death, and in denying the probated claims for taxes and insurance accruing subsequent to the death of Mahaffey, and for the monthly allowances for support accruing subsequent to the death of Mahaffey.

The appellant further complains that the chancellor was in error in holding that Constance Marie Mahaffey and Rebecca Earleen Mahaffey, children born subsequent to the execution of the will of E. L. Mahaffey, were pretermitted children under Section 659 of the Mississippi Code of 1942. This section reads as follows:

"659. Children born after making of the will.—If a testator or testatrix, having a child or children born at the time of making and publishing his or her last will and testament, shall, at his or her death, leave a child or children born after the making and publishing such last will and testament, the child or children so after-born, if unprovided for by settlement, and neither provided for nor disinherited, but only pretermitted by the last will and testament, shall succeed to the same portion of the father's or mother's estate as such child or children would have been entitled to if the father or mother had died intestate, towards raising which portion the devisees and legatees shall contribute proportionately out of the parts devised and bequeathed to them by the same will and testament in the same manner as is provided in the case of posthumous children."

It is the contention of the appellant that these children were not unprovided for nor disinherited under the terms of the will and do not come within the statute as pretermitted children. It is argued that the children were provided for in the will in that the Snow White Cleaners' property was devised and bequeathed to the Barlows for the period of their lives with "reversion to the heirs of my body." The only possible interest, therefore, which these children could derive under the will would be a remainder interest in the Snow White Cleaners' property. The will, however, considered in all of its provisions, does not indicate that the testator had in mind subsequently born children.

In 57 Am. Jur., Wills, Sec. 577, p. 395, the majority rule is announced as follows: "Although there is some authority to the contrary, the majority rule is that a general devise of a remainder or reversionary interest to the heirs of the testator or to his 'children' does not comprehend a posthumous child, so as to prevent it from claiming under the statute as a child pretermitted by the

will, in the absence of anything to show that the child was in the mind of the testator.''

██ ██ We think there is nothing in the will or the circumstances surrounding the testator at the time he made his will to indicate that he had in contemplation children born subsequent to the execution of the will. He provided in his residuary clause that the residue of his estate be distributed in four parts, one part each to his wife and to his then living children as named. It is a reasonable deduction from this that the testator had in mind only his then living children. We are, therefore, of the opinion that the chancellor was not in error in holding the after-born children to be pretermitted children under the statute.

It is finally contended by the appellant that the chancellor abused his discretion in permitting the Barlows to withdraw the conditions which they attached to their response to the administrator's tender of the Snow White Cleaners' property, and to strike from their response such conditions. This was done by the chancellor with the consent of the Barlows, who were present in court. We think this was a matter clearly within the discretion of the chancellor and that his action in the matter constituted no abuse of such discretion.

It follows from the views hereinbefore expressed that the decree of the court below is affirmed in all respects except as to the action of the court in denying to Earl L. Mahaffey, Jr. and Carol Elizabeth Mahaffey, appearing through their mother and guardian, the proceeds of the life insurance policies aggregating the sum of $11,500, and as to this action of the chancellor, the decree of the court below is reversed and judgment rendered here adjudging the said Earl L. Mahaffey, Jr. and Carol Elizabeth Mahaffey to be the owners of the proceeds of said life insurance policies.

Affirmed in part and reversed in part.

*McGehee, C. J.,* and *Hall, Kyle* and *Gillespie, JJ.,* concur.