LEE, Justice,
for the Court:
Appellees, Rubin Joseph Burnett, Doris Yvonne Burnett Dougall and Floy Kathryn Burnett Chapman, filed suit in the Chancery Court of Perry County to cancel as a cloud on their title the provision of a divorce decree which granted to Floy Estelle Davis Burnett (their mother) the right to inherit from her then husband (their father) at his death. The chancellor entered a decree in favor of appellees cancelling the said provision and Mrs. Burnett appeals. The sole question is whether or not the chancellor erred in so doing.
Mrs. Burnett was adjudged non compos mentis October 27, 1949. From that time until March 16, 1977, the date of the rendition of the decree in this cause, she was confined continuously at Mississippi State Hospital for the Insane.
Appellant and Rubin Joseph Burnett were married September 2, 1922, and three children (adult appellees) were born of the marriage. Mr. Burnett filed suit for divorce against her on the ground of incurable insanity and decree divorcing them was entered June 6,1962. On June 7, 1962, Mr. Burnett married Eunice Franklin Burnett and remained married to her until his death June 20, 1971. The bill of complaint charged that Burnett was entitled to a divorce from Mrs. Burnett because of her incurable insanity, with the understanding that the decree “shall not abridge or affect the rights of the defendant to inherit and provided further that the complainant shall enter into bond, if found to be necessary and proper by the court, in such an amount as the court may think just and proper, conditioned for the care and keeping of the defendant during the remainder of her natural life, as provided by law.” The prayer of the complaint asked for a divorce conditioned upon the foregoing provision.
The decree granting a divorce to Burnett ordered:
“[Tjhis decree shall not abridge or affect the rights of the Defendant, Floy Estelle Davis Burnett, Non Compos Mentis, to inherit from the Complainant, Rubin Clif *829 ford Burnett, nor shall it affect or abridge the right of the Defendant to have the Complainant provide for and support the Defendant, if the same becomes necessary during the remainder of her natural life, all as provided for by law.”
Prior to 1956, the statute pertaining to divorce on the ground of incurable insanity provided that the decree of divorce would not abridge or affect the right of the insane spouse to inherit from the other spouse, but the provision was deleted by amendment in 1956 and was not in effect at the time of the divorce in 1962. The statute did provide in 1962 the following:
“The status of the parties as to the support and maintenance of the insane person shall not be altered in any way by the granting of the divorce.
However, in the discretion of the chancery court, and in such cases as the court may deem it necessary and proper, before any such decree is granted on the ground of incurable insanity, the complainant, when ordered by the court, shall enter into bond, to be approved by the .court, in such an amount as the court may think just and proper, conditioned for the care and keeping of such insane person during the remainder of his or her natural life, unless such insane person has a sufficient estate in his or her own right for such purpose.” Miss. Code Ann. § 93-5-1 (1972).
The appellees take the position that the statutes of descent and distribution control and that, even by agreement, a person cannot change them. They further contend that a man may be survived by one widow, not two, that only the surviving widow could inherit from him, and that Eunice Franklin Burnett was the only legitimate widow who survived Burnett (after Burnett’s death, Eunice Burnett quitclaimed her interest in the land involved to the appellee children). Appellees also argue that the court has no authority to write into statutes exceptions regulating descent and distribution of property.
In the complaint for divorce and decree thereon, after stating that the right of inheritance should not be abridged, the words “as provided by law” were included. It appears, therefore, that Burnett and his attorney may have been unaware that the statutory provision for inheritance had been amended.
Appellant contends that the provision for Mrs. Burnett to inherit from her husband was voluntarily stated in the complaint and was sworn to; that the decree granted the relief prayed for (interest in estate property); and that the provision amounted to either an agreement for support or a property settlement to that extent.
The court in the divorce decree, did not require Mr. Burnet.t to execute a bond conditioned for the care and support of his wife, nor does the record reflect that she has sufficient property otherwise to sustain herself. There is nothing to indicate that he did, or did not, desire his second wife, whom he married the next day, to be disinherited. We construe the provisions of the decree to mean, and conclude, that Mr. Burnett contracted in the decree to care for and support his incompetent wife (widow) by providing that she have set aside to her a part of his estate. This is further indicated by the fact that, during his lifetime, he did not attempt to dispose of his property either by will, conveyance or by impressing a lien upon same. The case of In Re Estate of Kennington, 204 So.2d 444 (Miss. 1976) lends support to the position that the provisions of the decree should be construed to be a contract and support settlement. There the Court said:
“Nor can we say that such a contract violates any public policy of the State. A contract under which the husband obligates himself to make periodic payments to his wife so as to bind his estate after his death would seem to have a salutary purpose. It is nearer within that category of public policy which obligates the husband to support and provide for his wife and which underlies the statutory policy giving her the right to renounce his will if an attempt is made to exclude *830 her from a share in his estate.” 204 So.2d at 449.
In Mahaffey v. First National Bank, 231 Miss. 798, 97 So.2d 756 (1957), a husband agreed, in property settlement, to transfer life insurance policies to his children in a consent divorce decree. He failed to do so, and the Court held that the children were clothed with the same interest and entitled to the same right as if the duty had been actually performed. The Court further said “equity regards that as done which ought to be done.” 231 Miss. at 821, 97 So.2d at 765.
We hold that the decree of divorce, following the sworn bill of complaint which asked that Mrs. Burnett inherit from her husband, was an enforceable contract and support settlement and the effect of same was to set aside unto Mrs. Burnett an interest in his estate to the extent of a child’s part, in this case, an undivided one-fifth (Vs) interest, and that she is now vested with that interest in the property of Mr. Burnett’s estate.
Therefore, the judgment of the trial court is reversed and judgment is rendered here for appellant.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.