**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, an Employee Welfare Benefit Trust, by Robert J. BAKER, a Trustee Thereof, Plaintiff,**

**v.**

**Patricia B. BOYD and Mary Helen Boyd, Defendants.**

**Civ. A. No. E–90–0044(L).**

United States District Court, S.D. Mississippi, E.D.

March 19, 1991.

---

Francis J. Carey, Cent. States Law Dept., Chicago, Ill., for plaintiff.

Leon Mangum, Decatur, Miss., for Mary Helen Boyd.

Donald C. Dornan, Jr., Biloxi, Miss., for Patricia B. Boyd.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on cross motions for summary judgment. Each side has responded to the motion of the other, and the court has considered the memoranda of authorities with attachments submitted by the parties in ruling on the motion.

Plaintiff Central States Southeast and Southwest Areas Health and Welfare Fund (Central States) filed the instant interpleader and declaratory judgment action seeking a determination as to which of the two defendants, Patricia B. Boyd or Mary Helen Boyd, is entitled to life insurance benefits payable by virtue of the death of Louis Boyd, Jr.[1] The facts from which the cause of action arose are undisputed. Prior to 1987, Louis Boyd, Jr. was employed by Roadway Express in Meridian, Mississippi as a long haul truck driver. As a member of the Teamsters Union, he was entitled to insurance and retirement benefits administered by Central States. On June 12, 1987, while Louis was drawing disability benefits, he and his first wife, Patricia Boyd, were divorced in Hancock County, Mississippi. Pursuant to a property settlement agreement executed by Louis and Patricia on June 10 and incorporated into the June 12 divorce decree, Louis agreed to designate Patricia irrevocable beneficiary of the life insurance policy administered by Central States and designate her owner of the policy if the policy so permitted and complete these arrangements before the divorce was granted.[2]

Louis, however, did not timely comply with these provisions of the property settlement agreement. He ultimately contacted Central States on September 22, 1988, after being threatened by Patricia's attorney with a contempt action, and requested that Patricia be named beneficiary of his insurance policy. Central States, according to Patricia, had previously received a copy of the property settlement agreement, and on September 29, 1988, acknowledged that Patricia was named beneficiary of Louis' life insurance policy.

All parties acknowledge that Louis was not fond of Patricia, and apparently the torment caused him by knowledge that Patricia would receive the proceeds of his life

---

**1.** The suit was filed in the United States District Court for the Northern District of Illinois but was thereafter transferred by stipulation of the parties to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404.

**2.** The pertinent provision of the property settlement agreement reads:

That it is covenanted by the Husband, Louis Boyd, Jr., that he has in full force and effect a policy of life insurance on his life in the amount of $18,000, with the premiums on said policy to be maintained so long as he remains disabled and unable to work. It is hereby agreed that Louis Boyd, Jr. shall designate Patricia B. Boyd as the irrevocable beneficiary of said life insurance policy and does hereby covenant and bind himself to do any and all acts and take any and all steps whatsoever which are necessary to maintain said life insurance policy in full force and effect. He shall likewise designate Patricia Boyd as the owner of the policy if such is permitted by the policy itself. Louis Boyd, Jr. shall provide proof of the existence, term and face amount of said policy together with the necessary assignments or designations as set forth herein prior to the granting of a divorce herein. That the policy referred to is the Central States policy at issue and that it is actually in the amount of $16,000 are not disputed.

insurance policy became too great for him to bear. On October 31, 1988, Louis wrote to Central States requesting that the beneficiary of his life insurance policy be changed to Mary Helen, the woman he married one month after his divorce.

On June 28, 1989, Louis died of a heart attack. Mary Helen, who had become aware of her designation as beneficiary, filed, on June 30, 1989, a proof of claim with Central States, asserting entitlement to payment of life insurance benefits. Patricia filed a proof of claim on August 10, 1989. Central States, realizing that Patricia and Mary Helen had claimed entitlement to the proceeds of Louis' policy, initiated the instant interpleader action.

Under the terms of the policy at issue, the beneficiary of the policy could, ordinarily, legally be changed by Louis at any time. Therefore, the issue presented is whether the property settlement agreement prohibiting such amendment, of which Central States is alleged to have had notice, voids Louis' last beneficiary change. Both legal and equitable considerations are called into play inasmuch as the contract between Central States and Louis, as well as the payment of proceeds to Mary Helen, the beneficiary under the policy at maturity, are governed by legal principles, while the existence of a property settlement agreement provision relating to this policy necessitates reference to the realm of equity.

The instant cause of action arises under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.,* since it concerns the rights of beneficiaries of an ERISA plan to recover under such plan. 29 U.S.C. § 1132(a)(3). Therefore, resolution of the issue before the court is governed by federal law, *Matter of HECI Exploration Co., Inc.,* 862 F.2d 513 (5th Cir.1988); ERISA preempts "all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). It is undisputed that the policy in question constitutes an ERISA regulated plan.

■■■ ERISA does not address the issue before the court—whether a participant in an employee welfare benefit plan can waive by property settlement agreement his right under the plan to change the beneficiary of his life insurance. When ERISA does not expressly address the issue presented for resolution, the court must devise federal common law to reach a conclusion, *see, e.g., Amato v. Bernard,* 618 F.2d 559, 567 (9th Cir.1980), and in doing so, the court may look to state law for guidance so long as the state law comports with the policy behind ERISA. *Nachwalter v. Christie,* 805 F.2d 956, 960 (11th Cir.1986); *see also Fox Valley & Vicinity Constr. Workers Pension Fund v. Brown,* 897 F.2d 275 (7th Cir.1990) (utilizing closely analogous area of state law to determine whether divorced spouse who was designated as beneficiary prior to divorce would still receive death benefit despite provision in divorce settlement waiving rights to death benefit). The issue before the court has yet to be addressed in the context of ERISA, and therefore, an analysis of state law is in order.

Patricia contends that the property settlement agreement stripped Louis of his right under the Central States policy to change beneficiaries, rendering the designation of Mary Helen void. Mary Helen maintains that Louis' breach of the property settlement agreement is punishable only by a contempt action. She reasons that the property settlement agreement is not enforceable against her because she is not a party to that agreement and is the beneficiary under the policy whose rights became vested at Louis' death. For the following reasons, the court is not persuaded by Mary Helen's argument.

The majority rule is set out in 5 *Couch on Insurance 2d* § 28:41 (1983), as follows:

When the right to change the beneficiary exists, it is not affected by a change in the marital status of the insured. Thus after divorce the insured husband may change the beneficiary on a policy of insurance on which his former wife was the beneficiary, even though she had procured the divorce because of his fault.

It is possible, however, that the decree in a divorce or a property settlement

included therein restricts the divorced insured husband in the exercise of the right which he would otherwise possess to change the beneficiary. In this connection, a distinction must be made between a judicial decree which merely imposes a personal duty on the insured to refrain from changing the beneficiary, so that he is guilty of contempt if he makes a change, and a decree which destroys the right of the insured to make any change, so that if he attempts to do so the change is a nullity.

(footnotes omitted). As illustrative of a divorce decree which destroys the rights to change the beneficiary, Couch describes a decree which required that the former spouse be designated as the sole irrevocable beneficiary of a life insurance policy. *Id.* Louis agreed in the property settlement agreement with Patricia to "designate Patricia B. Boyd as the irrevocable beneficiary" of the Central States policy and further covenanted to "maintain said life insurance policy in full force and effect." He, in fact, agreed that he would make her the owner of the policy if that were permissible under the terms of the policy. Therefore, under the prevailing rule as expressed in *Couch*, the property settlement agreement destroyed Louis' right to make any change in beneficiary; Patricia acquired "an interest in the polic[y] of which she [could not] be deprived by the act of the insured in changing the beneficiary of the policy." *Id.*

*Mahaffey v. First National Bank*, 231 Miss. 798, 97 So.2d 756 (1957), presented the Mississippi Supreme Court an opportunity to address the effect of failure to abide by a property settlement agreement in which a party agreed to change the beneficiary of a life insurance policy. E.L. Mahaffey agreed, by way of a property settlement agreement, "to have transferred all his present life insurance contracts" to the children of his first marriage. *Id.* at 762. He failed to do so and upon his death the policy and proceeds appeared to be the property of his estate. *Id.* After a discussion of the principle that a court generally cannot divest one of title to his property and place it in another, the court held that the children were entitled to the proceeds of the insurance policy at issue because Mahaffey had agreed to relinquish his interest in the insurance policy. The court treated the divorce decree as a consent decree and applied the maxim from equity jurisprudence, "Equity regards that as done which ought to be done." *Id.* at 765.

Though the effect of ERISA was not addressed, in *Prudential Ins. Co. of America v. Boyd*, 781 F.2d 1494 (11th Cir.1986), the Eleventh Circuit, applying Florida law, held that a man who agreed in a divorce decree to name the children of his first marriage beneficiaries of a life insurance policy could not legally make his second wife beneficiary of the policy. *Id.* at 1497. That court noted that

no evidence was introduced to controvert the fact that Daniel Boyd was bound by this requirement. Florida courts have consistently construed provisions similar to this one to require the insured to name the person so designated by the divorce decree to be the beneficiary of the life insurance policy, and to nullify attempts to name another person as beneficiary.

*Id.* at 1496 (citations omitted); *see also SMA Life Assur. Co. v. Piller*, 846 F.2d 916 (3rd Cir.1988) (under Pennsylvania law divorce decree requiring former husband to denote children beneficiaries of life insurance policy entitled children, not named beneficiary, to policy proceeds); *Travelers Ins. Co. v. Daniels*, 667 F.2d 572 (7th Cir. 1981) (under Illinois law named beneficiary of life insurance policy has, upon death of insured, vested right to proceeds unless someone other than named beneficiary has acquired equitable right to be treated as beneficiary); *Aetna Life & Cas. Co. v. Spain*, 556 F.2d 747 (5th Cir.1977) (under New Jersey law when irrevocable beneficiary of policy is named in divorce decree, beneficiary may not be changed absent modification of decree, notwithstanding policy provisions); *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155 (5th Cir.1976) (under California law agreement to name children irrevocable beneficiaries vests an equitable interest in children which cannot be divested by subsequent change of beneficiary).

The court concludes, therefore, that the prevailing state common law rule is that a

divorce decree requiring that the insured under a life insurance policy name his former wife as irrevocable beneficiary vests an equitable interest in the former wife such that a later attempt to change the beneficiary will be ineffectual. This rule may be adopted by this court as federal common law only if it is consistent with the policies of ERISA. *Nachwalter,* 805 F.2d at 959–60. In this regard, ERISA mandates that employee benefit plans be governed solely by written plan documents, and therefore, it could be argued that a holding mandating reference to extraneous documents, i.e., domestic relations decrees, to identify the appropriate beneficiary is inconsistent with ERISA and places an undue burden on plan administrators to search for such decrees. This argument has been rejected in an analogous context. *Fox Valley & Vicinity Constr. Workers Pension Fund v. Brown,* 897 F.2d 275, 282 (7th Cir.1990) (waiver in property settlement agreement by nonparticipant spouse of rights to benefits effective though agreement was not a qualified domestic relations order under ERISA antialienation provisions). The impact of its holding on ERISA plans was considered by the *Fox Valley* court as follows:

> It was suggested ... that under our holding the Fund would be burdened with always having to investigate to determine if possibly there was a waiver, or something else affecting payment of the benefit to the last-named beneficiary. We place no such investigative burden or responsibility on the Fund beyond what is imposed by statute. Under the facts of this case we need only hold that the settlement waiver is effective when it becomes known to the Fund before payment.

*Id.* In the instant situation Central States' receipt of the property settlement agreement between Louis and Patricia is evidenced by a letter from Central States to Louis concerning Central States' contact with Patricia's attorney. Central States was aware of the circumstances surrounding Louis' naming of Patricia as beneficiary, and thus, on the facts presented, the court's decision places no additional duties on plan fiduciaries. No ERISA provision prevents employees from relinquishing rights connected with employee welfare benefits and in this instance Louis contracted away his right to change the beneficiary of the policy in question.

Based on the foregoing, the court concludes that the property settlement agreement entered by Louis, requiring him to make Patricia irrevocable beneficiary of his life insurance policy, and his subsequent designation of Patricia as beneficiary, destroyed his right to name Mary Helen beneficiary and rendered that final attempted change a nullity.

Accordingly, it is ordered that the motion for summary judgment of defendant Mary Helen Boyd is denied and the motion of defendant Patricia Boyd for summary judgment is granted.

A separate judgment shall be entered in accordance with Federal Rules of Civil Procedure 58.

ORDERED.