LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. This case concerns a dispute over the west property line of land owned by Danny and Carol Briggs. The Briggs own two parcels of land. The north lot was purchased in 1975 and the south lot was purchased in 1985. The Briggs property is located east of the properties owned by the Carleys, who bought their property in 2000, and the Hollowells, who bought their property in 1993. The dispute between the Carleys and the Briggs is a strip of property approximately 220 feet long, 15 feet wide on the south end and 5 feet wide on the north end. The dispute between the Hollowells and the Briggs is a strip of property less than 126 feet long, 5 feet wide on the south end and just a few inches on the north end. The Hollowells’ property is located directly north of the Carleys’ property. There have been numerous surveys performed on the land by all parties involved, none of which correspond perfectly.
¶ 2. On June 15, 2001, the Briggs filed a complaint to confirm and quiet title against Bobby Dupree, Valerie Dupree, Richard Carley, Carol Carley, Joseph Hollowell, and Jewell Hollowell. The Carleys filed an answer on August 22, 2001, as well as a counterclaim asserting that they have full legal title to the land in question or, in the alternative, they gained title to the land in question through adverse possession. The Hollowells filed a separate answer on September 11, 2001, stating the same as the Carleys. Prior to trial, Bobby Dupree acquired the interest of Valerie Dupree and settled with the Briggs. After a trial, the chancellor equally divided the disputed property among the plaintiffs and the defendants. The chancellor ordered that the “east and west boundary between the Plaintiffs Briggs and the Defendants Car-ley and Hollowell is established as half the distance between the broken line and the filled line as shown in Plaintiffs Exhibit 1.” The chancellor also found that neither party proved adverse possession of the land by clear and convincing evidence. From this ruling the Briggs appealed asserting that the chancellor erred in the following ways: (1) by locating the boundary line between the Briggs and the appel-lees; (2) in not granting a new trial; (3) in failing to find that the Briggs had adversely possessed the property that the survey by Chris Barker determined to be their property; (4) in ordering the Briggs to pay Barker to locate the new boundary line as determined in his ruling; and (5) by not ordering a legal description to be prepared by Barker as to the location of the new boundary line.
STANDARD OF REVIEW
¶ 3. A determination of a legal boundary is a question of fact for determination by the chancellor. Kleyle v. Mitchell, 736 So.2d 456(¶ 8) (Miss.Ct.App.1999). The same standard applies to questions involving the accuracy of surveys. Id. This Court will not disturb findings of the chancellor unless the chancellor committed manifest error. Id.
*111 DISCUSSION OF ISSUES
I. DID THE CHANCELLOR ERR IN LOCATING THE PROPERTY LINE BETWEEN THE BRIGGS AND THE APPELLEES?
II. DID THE CHANCELLOR ERR IN FAILING TO GRANT A NEW TRIAL?
III. DID THE CHANCELLOR ERR IN FAILING TO FIND THAT THE BRIGGS HAD ADVERSELY POSSESSED THE PROPERTY THAT THE SURVEY BY CHRIS BARKER DETERMINED TO BE THEIR PROPERTY?
IV. DID THE CHANCELLOR ERR IN ORDERING THE BRIGGS TO PAY BARKER TO LOCATE THE NEW BOUNDARY LINE AS DETERMINED IN HIS RULING?
V. DID THE CHANCELLOR ERR IN NOT ORDERING A LEGAL DESCRIPTION TO BE PREPARED BY BARKER AS TO THE LOCATION OF THE NEW BOUNDARY LINE?
¶ 4. The overriding issue in this case is whether the chancellor erred in locating the property line between the Briggs’s property and the property of the appellees. The adjudication of the location of the boundary line must be based on a preponderance of the evidence. Id. at (¶ 13). Improperly divesting one of title to property legally owned affects a substantial right. Mahaffey v. First Nat’l Bank, 231 Miss. 798, 815, 97 So.2d 756, 762 (1957). “Generally, a court is ‘without power to divest one of title to his property and vest the same in another by judicial fiat....’” Kleyle, 736 So.2d at (¶ 13) (quoting Mahaffey, 231 Miss, at 815, 97 So.2d at 762). In Burnsed v. Merritt, 829 So.2d 716 (Miss.Ct.App.2002), this Court stated that “[ujnless the [ejhancellor was determining that the precise middle of the disputed property was the location of possession or some other point of actual division,” splitting the property in half is not proper. Burnsed, 829 So.2d at (¶ 24).
¶ 5. Upon reading the warranty deeds, which conveyed both parcels of land to the Briggs, it is clear that the Briggs hold legal title to the disputed land. Furthermore, the Carleys also admitted in their brief that “No parties’ title was impugned or questioned at the trial.” Here, the chancellor arbitrarily determined that the boundary line should be located in the exact middle of the disputed property. We find that he committed manifest error in doing so; thus, we reverse and render, recognizing the Briggs’s legal ownership of the land in question. As we are reversing and rendering, we decline to discuss the remaining issues.
¶ 6. We note that the chancellor was also correct in determining that none of the parties had proved adverse possession, namely because neither the Carleys nor the Hollowells met the ten year requirement. See Miss.Code Ann. § 15 — 1— 13 (Rev.2003).
¶ 7. THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ concur.