FAIR, J.,
dissenting:
¶ 28. I join the majority in urging that agreements between divorcing spouses should be drafted carefully to avoid future confusion and litigation. The agreement drafted in this case required interpretation, and the chancellor found that it provided “alimony” payments following the wife’s remarriage were no longer alimony but contractual in nature. His determination was supported by evidence in the rec *1068 ord and within the chancellor’s discretion under Mississippi law. I would affirm, and therefore respectfully dissent.
¶ 29. In re Kennington’s Estate, 204 So.2d 444, 447 (Miss.1967), involved a settlement agreement that provided for postmortem “alimony” payments. As in this case, the agreement contradicted the established nature of periodic alimony — alimony terminates on the payor’s death just as it does on the payee’s death or remarriage. Id. at 446. Nevertheless, the Mississippi Supreme Court, without dissent, found the Kenningtons’ agreement enforceable because of its origin in contract; the post-mortem payments required by the agreement were not alimony but contractual obligations. Id. at 450. The court added that contractual rights in support agreements that vary from established concepts of spousal support may be enforced through civil contractual remedies. Id. They may not be enforced by “the drastic remedies provided by law — contempt proceedings,” which are limited to necessary support whether it is agreed upon or judicially imposed. Id. The court specifically held:
(1) The contract is valid and the obligation assumed by Kennington under it as to the monthly payments is binding upon his estate.
(2) This obligation rests upon contract, the post-mortem payments are not alimony.
(3) Being purely contractual obligations, liability is absolute, not contingent, and may be dealt with as provided [by the existing law] relating to unmatured claims against estates of decedents.
Id. (emphasis added).
¶ 80. Relying on Kennington, the right of spouses to contract and have that contract enforced in post-divorce proceedings was upheld unanimously in Burnett v. Burnett, 362 So.2d 828 (Miss.1978). In that case, the court upheld and enforced an agreement that after divorce the ex-wife would remain an heir-at-law of the ex-husband and be entitled to regular support “if the same becomes necessary during the remainder of her natural life.” Id. at 828-29. When the ex-husband died, the court required that she receive “an interest in his estate to the extent of a child’s part in this case, an undivided one-fifth (1/5) interest” Id. at 830. Citing Kennington, the court held that the provision for the ex-wife’s status as an heir “amounted to either an agreement for support or a property settlement....” Id. at 829. The right to enforce a contract between divorced spouses has been acknowledged most recently in Lestrade v. Lestrade, 49 So.3d 639 (Miss.Ct.App.2010). This Court unanimously held that “this is not equitable distribution; we are addressing a property settlement agreement, a contract between the parties.” Id. at 645 (¶ 22).
¶ 31. Because the chancellor properly viewed the post-remarriage obligation of Hollis to Baker as a contract between the parties, and not alimony, I would affirm his judgment.
BARNES AND ISHEE, JJ., JOIN THIS OPINION.